COX, J.
The defendant, Fabian Harper ("Harper"), was previously convicted for the second degree murder of Miss Eddie Jo Johnson, in violation of La. R.S. 14:30.1, when the defendant was 16 years old. He was sentenced to life imprisonment at hard labor, without benefit of probation, parole, *1086 or suspension of sentence. His conviction and sentence were affirmed on appeal. State v. Harper , 27,278 (La. App. 2 Cir. 8/23/95), 660 So.2d 537, writ denied , 95-2318 (La. 1/12/96), 666 So.2d 320.
Following the decisions in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L. Ed. 2d 407 (2012), and Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L. Ed. 2d 599 (2016), as revised (Jan. 27, 2016), the defendant filed a motion to modify his sentence according to the penalty for manslaughter. On November 29, 2016, the trial court denied the motion and resentenced Harper in accordance with the per curiam decision in State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606, to life imprisonment at hard labor, with eligibility for parole. Harper now appeals. For the following reasons, we affirm the defendant's sentence.
FACTS
On September 5, 1990, Harper and his friend, Eddie Sloan ("Sloan"), decided to steal some money and a vehicle. After leaving Sloan's older brother shopping at a Shreveport pawn shop, the two wandered down a side street, tracking a gray truck they wanted to steal. Deciding the truck would be too difficult to steal, the two moved on and spotted a small car with a handicapped license plate coming down the street.
Pariss Washington and her daughter, Eddie Jo Johnson, had just returned home from the grocery store when a teenage boy knocked on their door looking for someone. After repeatedly telling the young man that the person he sought did not live there, Eddie Jo became alarmed and called to her mother to bring a gun. The young man pulled out a gold-painted .22 caliber gun and shot Pariss Washington in the head, severely wounding her. He then shot Eddie Jo in the head twice, killing her. The young man stole Eddie Jo's purse and ran off with his companion.
Later that same day, police arrested Sloan, who had in his pocket a check made out to Eddie Jo Johnson. When confronted about the shootings, Sloan confessed he was there, but named Harper as the shooter. The two were subsequently charged with the first degree murder of Eddie Jo Johnson.
Sloan later pleaded guilty to conspiracy to commit armed robbery, while Harper's charge was amended to second degree murder, with a second charge added for the attempted second degree murder of Pariss Washington. Harper was found guilty as charged of Eddie Jo Johnson's murder and sentenced to life imprisonment at hard labor, without benefits. He was acquitted of the attempted second degree murder of Pariss Washington.
On appeal, this Court found there was sufficient evidence to support the conviction, and the mandatory imposed sentence of life imprisonment at hard labor without benefits was not constitutionally excessive. State v. Harper , supra.
Amid the decisions in Miller v. Alabama , supra ; Montgomery v. Louisiana , supra ; and State v. Montgomery , supra , Harper filed several motions seeking to modify his sentence. The parties appeared for argument on Harper's motions on November 29, 2016. The State submitted its argument without any evidence of aggravating circumstances and recommended that the court resentence Harper to life imprisonment with parole eligibility.
The defense reiterated that Harper, at age 16, was convicted of the second degree murder of Eddie Jo Johnson by a 10-2 jury vote, but was acquitted of attempted second degree murder in the shooting of Pariss Washington. They argued that Harper, now age 43, deserved a lesser sentence *1087 than the mandatory life sentence in La. R.S. 14:30.1 because he has led an "exemplary" life while imprisoned. The defense presented a portfolio of documents detailing Harper's accomplishments, including his GED and paralegal diploma. The State argued that La. C. Cr. P. art. 881 does not authorize the remedy Harper seeks, and neither Miller nor Montgomery requires the trial court to consider and render a new verdict.
The trial court denied Harper's motions and written objections on the grounds that they were not supported by the law and evidence. The trial court resentenced Harper to life imprisonment at hard labor, without benefit of probation or suspension of sentence, but with the benefit of parole eligibility. Harper was advised he had two years from the finality of judgment of his conviction and sentence to pursue post-conviction relief.
Harper filed and presented a written motion to consider sentence, in which he raised the same claims as before, and insisted he deserved to be sentenced to 21 years for manslaughter. The trial court denied the motion. Harper then filed a written motion to appeal his new sentence, which the trial court granted.
LAW
For those offenders convicted of second degree murder in Louisiana, La. R.S. 14:31 provides for a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. However, in Miller , supra , the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Miller court did not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders. Instead, the case requires the sentencing court to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Williams , 12-1766 (La. 3/8/13), 108 So.3d 1169 ; Montgomery v. Louisiana , supra. Miller drew a line between children whose crimes reflect transient immaturity and those whose crimes reflect irreparable corruption. Life without parole is the correct sentence for the latter group.
In response to Miller , our legislature enacted La. C. Cr. P. art. 878.1.[1] If the trial court imposes a life sentence without parole eligibility, La. R.S. 15:574.4(E) was added to require many conditions, such as serving 35 years of the sentence before making application to the parole board.
In Montgomery , supra , retroactivity was added to the holding in Miller , supra. The court alleviated concerns that the retroactive *1088 application of Miller would place an undue hardship on states. On remand, the Louisiana Supreme Court in Montgomery , supra , held that courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when reviewing sentences for juvenile homicide defendants sentenced before Miller.
This Court and other circuits have addressed and rejected claims that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) are unconstitutional in light of the requirements of Miller. See State v. Sumler , 51, 324 (La. App. 2 Cir. 5/2/17), 219 So.3d 503 ; State v. Fletcher , 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 14-2205 (La. 6/5/15), 171 So.3d 945 ; and State v. Doise , 2015-713 (La. App. 3 Cir. 2/24/16), 185 So.3d 335, writ denied , 2016-0546 (La. 3/13/17), 216 So.3d 808.
Likewise, arguments that sentences under La. R.S. 15:574.4(E) are ex post facto violations have been rejected. State v. Sumler , supra. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Billizone , 16-478 (La. App. 5 Cir 12/14/16), 215 So.3d 360.
DISCUSSION
The defendant's counsel sets forth four assignments of error: (1) the trial court erred in applying La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) in resentencing the defendant because the courts were without authority to impose such a sentence and, therefore, the sentence is illegal; (2) the trial court erred in denying the defendant's motion to amend his illegal sentence pursuant to La. C. Cr. P. art. 881 or art. 821(C) or (E), arguing his conviction should have been reduced to manslaughter and his sentence modified accordingly; (3) the trial court erred in sentencing the defendant pursuant to La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) because simply granting him parole eligibility after serving 35 years does not comply with Miller 's directive to provide juvenile defendants with a meaningful opportunity for parole; and, (4) the trial court erred in not allowing the defendant a full sentencing hearing so he could present his prison and education record, in order that the trial court could consider a downward departure in sentencing.
The defendant sets forth six pro se assignments of error: (1) the trial court erred in imposing an indeterminate sentence that also violates ex post facto laws; (2) the trial court erred in imposing a sentence that violated the fair notice requirements of the Due Process Clause; (3) the trial court erred in sentencing the defendant without a full sentencing hearing; (4) the trial court erred in imposing a sentence that was not individualized to the defendant or proportionate to his offense; (5) the trial court erred in sentencing the defendant to life with eligibility for parole because the sentence is cruel, unusual, and excessive; and, (6) the trial court erred in sentencing the defendant pursuant to La. R.S. 15:574.4(E) because the statute is unconstitutional in that it creates a de facto mandatory sentencing scheme and deprives the sentencing court the discretion to impose an individualized and proportionate sentence.
Harper's argument that his sentence imposed under La. R.S. 15:574(E) violates due process by failing to provide fair notice is without merit. The elements required for proof of second degree murder have not changed since the crime was committed in 1990, and the potential sentence for committing that crime remains life imprisonment at hard labor. The only difference now is that the court may impose the sentence with the benefit of parole eligibility, which is a less harsh sentence. Thus, Harper was not deprived *1089 of fair warning that his conduct would constitute criminal behavior or prejudiced because his potential sentence was not made more severe by application of La. R.S. 15:574.4(E).
Additionally, Harper's sentence is not illegal, and the judiciary did not usurp legislative power in creating a "sentencing range" for juvenile homicide offenders. The defendant received the mandatory minimum sentence available under Miller , La. R.S. 14:31, and La. C. Cr. P. art. 878.1. As this Court noted in Fletcher , supra , the legislature was not required to amend the murder statutes to provide for sentencing of juvenile homicide defendants. Further, the legislature designed an adequate solution to Miller by creating statutes relating to parole eligibility for juvenile homicide defendants, which are to be read in conjunction with the murder statutes. This scheme is reasonable and satisfies Miller , supra.
As stated, this Court and other circuits have rejected claims that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) are unconstitutional in light of the requirements of Miller. Likewise, Harper's argument that his sentence under La. R.S. 15:574.4(E) is an ex post facto violation has been rejected. The new law does not redefine criminal conduct or increase the penalty by which the crime is punishable.
Finally, Harper's arguments that he was entitled to a full evidentiary hearing, the imposition of an individualized sentence, and consideration of whether he should be sentenced according to the lesser included responsive verdict are without merit. Miller imposed no such requirement in cases where parole eligibility was permitted. In Miller , the Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender or require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases where the court imposes a sentence of life, or its equivalent, without parole. Miller , supra. The sole question to be answered in a Miller hearing is whether the defendant should have a chance for parole. The trial court granted Harper all to which he was entitled. Thus, these arguments have no merit.
It should be noted that the post-conviction relief instruction provided by the trial court was in error. Resentencing alone does not restart the time period for applying for post-conviction relief. La. C. Cr. P. art. 930.8. The post-conviction time limitation period in La. C. Cr. P. art. 930.8 does not begin to run anew when the sentence originally imposed is vacated and the respondent is resentenced. State v. Brumfield , 13-2390 (La. 11/14/14), 152 So.3d 870. La. C. Cr. P. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides "no basis for review of claims of excessiveness or other sentencing error post-conviction." State ex rel. Melinie v. State , 93-1380 (La. 1/12/96), 665 So.2d 1172 (per curiam ).
CONCLUSION
For the foregoing reasons, we affirm the defendant's sentence of life imprisonment at hard labor, with eligibility for parole.
AFFIRMED.

Article 878.1. Sentencing hearing for juvenile offenders.
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30 ) or second degree murder (R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.