COX, J.
This criminal appeal arises from the Fourth Judicial District Court, Ouachita *1255 Parish, Louisiana. In 1993, the defendant, James J. Bradley, pled guilty to second degree murder, in violation of La. R.S. 14:30.1. He was sentenced to the statutorily mandated sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The trial court vacated Bradley's original sentence and resentenced him to life imprisonment with the benefit of parole. Bradley filed a motion to reconsider, which was denied. Bradley now appeals his sentence. For the following reasons, we affirm Bradley's sentence.
FACTS
On January 14, 1992, James Fulmer was shot and killed while sitting at his dining room table. Bradley, who was 16 years old at the time, was charged with Fulmer's murder. Bradley pled guilty to the second degree murder of Fulmer. He was subsequently sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.
On June 19, 2013, Bradley filed a motion to correct an illegal sentence. Bradley argued that his mandatory life without parole sentence was illegal under Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), because he was a juvenile at the time he committed the crime. Bradley argued he should be resentenced to the lesser responsive verdict of manslaughter in accordance with State v. Craig , 340 So.2d 191 (La. 1976).
The state responded by stating the time period for filing an application for post-conviction relief had lapsed and that Miller, supra , was not retroactive. On July 15, 2013, the trial court issued an order staying the motion pending "significant litigation" relevant to the motion. On February 24, 2016, Bradley filed a pro se motion seeking the appointment of counsel to represent him in the resentencing hearing, which was granted. On May 25, 2016, the trial court orally rejected Bradley's pro se motion for resentencing to the extent he sought to be resentenced to the lesser responsive verdict of manslaughter.
On July 27, 2016, Bradley filed a pro se motion to correct an illegal sentence, setting out the same arguments found in his earlier motion, and requested an order setting a date for the resentencing hearing. In a hearing held on August 1, 2016, the trial court denied Bradley's motion to the extent he sought resentencing to the lesser responsive verdict of manslaughter. The trial court held that its only consideration in resentencing Bradley was his parole eligibility. The trial court set a hearing date to allow the prosecution and defense to present aggravating and mitigating factors.
On December 19, 2016, the trial court conducted the resentencing hearing. The trial court heard the state's evidence regarding aggravating factors and reviewed a presentencing investigation report. Bradley's sentence was vacated by the court. The trial court stated it would consider the state's evidence and, if it found the state had sustained its burden to prove that Bradley was "the worst of the worst," it would give Bradley the opportunity to submit mitigating evidence at a later date.
On February 16, 2017, the trial court orally resentenced Bradley to life imprisonment with the possibility of parole. The trial court stated it was preparing written reasons for the ruling. Bradley objected to the ruling and provided notice of his intent to appeal the sentence.
On February 21, 2017, Bradley filed a pro se "Motion to Clarify Sentence Nunc Pro Tunc," which was denied on March 1, 2017. On March 1, 2017, Bradley filed a pro se "Motion to Reconsideration of Sentence Pursuant to LSA-C.Cr.P. R.S. 15:574.4(B) Nunc Pro Tunc," and a pro se *1256 "Motion to Vacate An Illegal Sentence Pursuant to Art. 872, LSA-C.Cr.P. R.S. 15:574(B)." Both motions were denied on March 6, 2017.
On May 11, 2017, the trial court issued detailed "Reasons for Sentence." The trial court stated it resentenced Bradley to life imprisonment with the possibility of parole because Bradley was not that "rare juvenile offender whose crime reflects irreparable corruption."
DISCUSSION
I. Sentencing
In his first assignment of error, Bradley argues the trial court erred by amending his sentence to life imprisonment without the possibility of parole. Bradley argues the trial court breached the separation of powers established in the state constitution by creating, without authority, a sentencing range for juvenile defendants convicted of second degree murder. Bradley further argues that illegally imposing life imprisonment with the possibility of parole is a violation of state and federal constitutional ex post facto and due process clauses. Bradley argues the trial court should have followed Craig, supra and resentenced him to the most serious penalty for the next lesser included offense in effect at the time of the commission of the offense, which was manslaughter. Otherwise, Bradley argues the trial court should have followed State v. Dorthey , 623 So.2d 1276 (La. 1993), and used its authority to deviate downward from the mandatory minimum sentence to impose a sentence that was not constitutionally excessive.
La. R.S. 14:30.1 provides a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for offenders convicted of second degree murder in Louisiana. The U.S. Supreme Court's decisions in Miller, supra , and Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), as revised (Jan. 27, 2016), apply to defendants who were juveniles at the time they committed second degree murder in violation of La. R.S. 14:30.1.
In Miller, supra , the U.S. Supreme Court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Court did not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders; instead, the case requires the sentencing court to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Keith , 51,389 (La. App. 2 Cir. 6/21/17), 223 So.3d 767. The Court in Miller drew a line between children whose crimes reflect transient immaturity and those few whose crimes reflect irreparable corruption. Life without parole is the correct sentence for the latter group. State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903.
In response to Miller , our legislature enacted La. C. Cr. P. art. 878.1.[1] If the *1257 trial court imposes a life sentence without parole eligibility, La. R.S. 15:574.4(E)[2] was added to require many conditions, such as serving 35 years of the sentence before making application to the parole board.
In Montgomery, supra , retroactivity was added to the holding in Miller, supra. The court alleviated concerns that the retroactive application of Miller would place an undue hardship on states. On remand, the Louisiana Supreme Court in State v. Montgomery , 2013-1163 (La. 6/28/16), 194 So.3d 606, held courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when reviewing sentences for juvenile homicide defendants sentenced before the Miller decision. State v. Calhoun, supra.
This Court has addressed and rejected (1) constitutional attacks on Miller / Montgomery resentencing and (2) claims that juvenile homicide offenders should be sentenced according to the penalty for the next lesser-included responsive verdict of manslaughter or considered for a downward departure from the term of life imprisonment. State v. Harper, 51,539 (La. App. 2 Cir. 8/9/17), 243 So.3d 1084, 2017 WL 3400624 ; State v. Keith, supra ; State v. Calhoun, supra ; State v. Shaw , 51,325 (La App. 2 Cir. 5/17/17), 223 So.3d 607 ; State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897 ; State v. Sumler , 51,324 (La. App. 2 Cir. 5/2/17), 219 So.3d 503 ; State v. Kelly , 51,246 (La. App. 2 Cir. 4/5/17), 217 So.3d 576.
The judiciary did not usurp legislative power in creating a "sentencing range" for juvenile homicide offenders. As this Court has noted, the legislature was not required to amend the murder statutes to provide for sentencing of juvenile homicide defendants. Further, the legislature designed an adequate solution to Miller, supra , by creating statutes relating to parole eligibility for juvenile homicide defendants, which are to be read in conjunction with the murder statutes. State v. Harper, supra ; State v. Fletcher , 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 14-2205 (La. 6/5/15), 171 So.3d 945. Bradley received the mandatory minimum sentence available under Miller, supra , La. R.S. 14:30.1, and La. C. Cr. P. art. 878.1.
Arguments that sentences under La. R.S. 15:574.4(E) are ex post facto violations have been rejected. State v. Harper, supra ; State v. Sumler, supra. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790 ; State ex rel. Olivieri v. State , 00-0172 (La. 2/21/01), 779 So.2d 735, cert. denied , 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed. 2d 730 (2001). The instant situation does neither. There is no ex post facto violation in applying La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) to Bradley's case because his potential sentence is not more severe than the prior sentence. After his resentencing, Bradley is subject to a lesser sentence than before-life imprisonment with parole eligibility instead of life imprisonment without parole eligibility.
*1258 For the foregoing reasons we do not find Bradley was sentenced illegally. Thus, Bradley's argument that his due process rights have been violated by being sentenced illegally is without merit.
Bradley received the minimum sentence available under La. R.S. 14:30.1 and La. C. Cr. P. art. 878.1. Bradley's proposed Craig sentencing has been rejected by Louisiana courts. State v. Leason , 2011-1757 (La. 11/23/11), 77 So.3d 933 ; State v. Shaffer , 2011-1756 (La. 11/23/11), 77 So.3d 939 ; State v. Plater, supra ; State v. Calhoun, supra ; State v. Williams , 2015-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied , 2016-0332 (La. 3/31/17), 217 So.3d 358 ; State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied , 2015-1028 (La. 4/8/16), 191 So.3d 583.
There is no merit in the argument that Bradley should be sentenced to the most serious penalty for the next lesser included offense. In enacting La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), the Louisiana legislature did not grant any authority to vacate the verdict and enter a judgment for a lesser and included offense or reconsider whether the defendant is entitled to a downward departure from the mandatory sentence of life imprisonment. State v. Sumler, supra. Punishment for second degree murder remains life imprisonment at hard labor, and the trial court is only authorized to consider the issue of parole eligibility. Once the Miller hearing is held, the sentencing court may impose life imprisonment without parole eligibility or life imprisonment with parole eligibility. Either sentencing scheme is constitutional, so there is no need to sentence a defendant to a lesser included responsive verdict. State v. Sumler, supra. Thus, Bradley's life imprisonment sentence was constitutional so there is no need to sentence him to a lesser included responsive verdict.
Based on the foregoing reasons, we find no merit in this assignment of error.
II. Parole Eligibility
Bradley's second assignment of error is that the trial court erred when sentencing him to life with parole, without determining when he would become parole-board eligible. Bradley's argument fails to recognize that La. R.S. 15:574.4 has provided exceptions for juvenile homicide offenders since 2013. At the time of Bradley's resentencing hearing, La. R. S. 15:574.4(E), now La. R.S. 15:574.4(G), set forth the conditions that must be met before a juvenile homicide offender, serving a life sentence for second degree murder with parole eligibility, is eligible for parole consideration. Among these conditions are the programs the defendant must complete and the length of time the defendant is required to serve before being considered for parole, which was recently reduced from 35 to 25 years. Accordingly, this assignment is without merit.
Error Patent
Bradley was originally sentenced to life imprisonment at hard labor without benefits. In accordance with Miller, supra , and Montgomery v. Louisiana, supra , the transcript of the resentencing hearing states Bradley was resentenced to life imprisonment with the benefit of parole. However, the minutes state Bradley was resentenced to life imprisonment "at hard labor" with the benefit of parole. Jurisprudence holds that where there is a discrepancy between the minutes and the sentencing transcript, the transcript prevails. State v. Sebastien , 31,750 (La. App. 2 Cir. 3/31/99), 730 So.2d 1040, writ denied , 99-1426 (La. 10/29/99), 748 So.2d 1157.
The trial court's resentencing of Bradley was too lenient as it failed to include the requirement that Bradley's life imprisonment be served at hard labor. The *1259 appellate court may notice sentencing errors as error patent. State v. Williams , supra. However, because La. R.S. 14:30.1 is a mandatory felony requiring any sentence to be served at hard labor, the error is harmless and self-correcting. Bradley's life sentence is hereby amended to reflect that it is to be served at hard labor in accordance with La. R.S. 14:30.1. State v. Foster , 50,535 (La. App. 2 Cir. 4/13/16), 194 So.3d 674.
CONCLUSION
For the foregoing reasons, Bradley's sentence is affirmed. His life sentence is amended to reflect that it is to be served at hard labor.
AFFIRMED.

Article 878.1. Sentencing hearing for juvenile offenders.
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30 ) or second degree murder (R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.

La. R.S. 15:574.4 was recently amended. Pursuant to the amendments, juvenile homicide offenders who were serving life imprisonment for first or second degree murder and were indicted before August 1, 2017, such as the defendant in the instant case, are now covered by Subsection G, which mirrors the provisions of the previous Subsection E, except that it reduces the mandatory incarceration period from 35 years to 25 years.