Judge Rosemary Ledet
In this criminal appeal, the appellant, Duane Henry, appeals his sentence of life imprisonment with the benefit of parole. Finding no error, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On June 28, 1993, Mr. Henry and Joshua Williams murdered Todd Perry. At the time of the offense, Mr. Henry was sixteen years old. He and Mr. Williams were indicted for first degree murder and convicted of second degree murder. On September 30, 1994, the district court imposed on both of them the statutorily-mandated sentence of life imprisonment without the benefit of parole. On appeal, their convictions and sentences were affirmed. State v. Williams , 96-0131 (La. App. 4 Cir. 9/17/97), 701 So.2d 270.
In 2012, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama , 567 U.S. 460, 479, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012). In light of Miller , Mr. Henry sought to have his sentence corrected. Although the district court granted Mr. Henry's motion, the Louisiana Supreme Court reversed, finding that Miller did not apply retroactively. State v. Williams , 13-0820 (La. 6/20/14), 142 So.3d 9.
Mr. Henry then petitioned the federal courts for a writ of habeas corpus . During the pendency of his petition, the United States Supreme Court held that Miller applies retroactively. Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016). Accordingly, the federal district court granted Mr. Henry's habeas petition, vacated his sentence, and ordered the state district court to resentence him.
*646 Henry v. Cain , No. 15-5011 (E.D. La. Nov. 28 2016), 2016 WL 6947000 (unpub. ).
After a Miller hearing, the state district court sentenced Mr. Henry to life imprisonment with the benefit of parole. The district court denied his motion for reconsideration. This appeal followed.
ERRORS PATENT
Pursuant to La. C.Cr.P. art. 920, we have reviewed the record for errors patent and find none.
DISCUSSION
As an initial matter, Mr. Henry's appellate counsel represents that that "[a]fter a conscientious and thorough review of the trial court record, [he] can find no non-frivolous issue to raise on appeal and can find no ruling of the trial court that arguably supports the appeal." Accordingly, Mr. Henry's appellate counsel moves to withdraw, citing Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241.
Pursuant to the procedure outlined in State v. Benjamin , 573 So.2d 528 (La. App. 4th Cir. 1990), and sanctioned in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, this court has performed an independent review of the record on appeal. Like Mr. Henry's counsel, we find no non-frivolous issue.
Nonetheless, Mr. Henry moved for, and was granted, leave to file a supplemental brief. Mr. Henry assigns six errors.[1]
Pro Se Supplemental Assignment of Error 1
Mr. Henry asserts that the district court "violated the Supremacy Clause and the Eighth Amendment when it disobeyed a constitutional command recognized by the Supreme Court." Essentially, Mr. Henry contends that the district court erred in sentencing him to life imprisonment because Miller and Montgomery forbid life sentences for juvenile offenders.
Mr. Henry's argument is premised on a mistaken reading of Miller and Montgomery . Neither case held that the federal constitution forbids a sentence of life imprisonment for juveniles; rather, as noted elsewhere in this opinion, the Supreme Court in Miller held only that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," 567 U.S. at 479, 132 S.Ct. at 2469. Thus, the narrow focus of Miller (made retroactive by Montgomery ) was parole eligibility.[2]
In this case, the district court sentenced Mr. Henry to life imprisonment with the benefit of parole-a sentence unquestioned by either Miller or Montgomery . This assignment of error is without merit.
Pro Se Supplemental Assignment of Error 2
Mr. Henry asserts that the district court "imposed a rehabilitation rationale as punishment instead of a penalty prescribed by the Louisiana Legislature." Essentially, Mr. Henry contends that, because Miller invalidated life sentences for juvenile offenders, the district court was required to *647 impose a determinate sentence. As discussed elsewhere in this opinion, however, Miller did not invalidate life sentences for juvenile offenders; thus, Louisiana courts have rejected this argument.[3] This assignment of error is without merit.
Pro Se Supplemental Assignments of Error 3 and 4.
Mr. Henry asserts that the district court "denied [him] 'fair notice' protection when it imposed the 'unforeseeable and retroactive judicial expansion' of [La.] R.S. 15:574.4(E) in place of the penalty invalidated by Miller ." Mr. Henry also asserts that the district court "violated the Ex Post Facto Clause when it applied a legislative enactment not in existence at the time this offense occurred to the defendant at sentencing." Essentially, Mr. Henry contends that because La. R.S. 15:574.4 -which governs the timing of parole eligibility for juvenile offenders-was enacted after his crime, retroactive application of the limitations set forth in the statute violates his constitutional right to due process and the protection against the ex post facto application of law. Louisiana courts have rejected these arguments.[4] These assignments of error are without merit.
Pro Se Supplemental Assignments of Error 5 and 6
Mr. Henry asserts that, because the district court "fail[ed] to fashion an 'individualized sentence,' " the district court "imposed an excessive sentence in violation of [the] Eighth Amendment and the La. Constitution Article I, § 20." It is, however, well settled that the only relief available at a Miller hearing is a determination of whether the previously-imposed life sentence is to be served with or without the benefit or parole.[5] The district court, which imposed a sentence of life imprisonment with the benefit of parole, was without authority to impose on Mr. *648 Henry any more lenient sentence. This assignment of error is without merit.
DECREE
For the foregoing reasons, the defendant's sentence is affirmed. Appellate counsel's motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

We address Mr. Henry's assignments of error, which are unnumbered, in an order conducive to our analysis.

Notably, in Montgomery , the Supreme Court reiterated that a juvenile offender may still be sentenced-after a hearing and in an appropriate case-to life imprisonment without the possibility of parole. 136 S.Ct. at 726 (noting that "Miller did not foreclose a sentencer's ability to impose life without parole on a juvenile").

See generally State v. Graham , 14-1769, pp. 11-12 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 280 (observing that the Louisiana Supreme Court, in State v. Shaffer , 11-1756 (La. 11/23/11), 77 So.3d 939 (per curiam ), had rejected the argument that Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (which invalidated life sentences without parole for juveniles convicted of non-homicide crimes), required such defendants to be resentenced to a determinate sentence and that Louisiana courts "have used the same approach in applying Miller to sentencing juveniles for homicide offenses") (citing State v. Fletcher , 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934 ; State v. Baker , 14-0222 (La. App. 1 Cir. 9/19/14), 154 So.3d 561 ; State v. Smoot , 13-453 (La. App. 5 Cir. 1/15/14), 134 So.3d 1 ).

See, e.g. , State v. Young , 18-0564 (La. App. 1 Cir. 11/5/18) (unpub. ), 2018 WL 5785260 ; State v. Smith , 18-131 (La. App. 5 Cir. 10/17/18), 258 So.3d 973 ; State v. Olivier , 17-0724 (La. App. 4 Cir. 2/21/18), 238 So.3d 606, writ denied , 18-0492 (La. 1/14/19), 261 So.3d 783 ; State v. Comeaux , 17-682 (La. App. 3 Cir. 2/15/18), 239 So.3d 920, writ denied , 18-0428 (La. 1/14/19), 261 So.3d 783State v. Harper , 51,539 (La. App. 2 Cir. 8/9/17), 243 So.3d 1084, writ denied , 17-1423 (La. 5/18/18), 242 So.3d 1225 ; State v. Williams , 15-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 252.

See Montgomery, 136 S.Ct. at 736 (observing that "[a] State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them"); State v. Montgomery , 13-1163, p. 1 (La. 6/28/16), 194 So.3d 606, 607 (instructing that "[i]n resentencing, the District Court shall determine whether relator was "the rare juvenile offender whose crime reflects irreparable corruption," Miller, 132 S.Ct. at 2469, or he will be eligible for parole under the conditions established in La.R.S. 15:574.4(E)") (on remand from U.S. Supreme Court); see also id. at 610 (Crichton, J., concurring) (observing that "Eligibility vel non is the sole question to be answered in a Miller hearing" and that "[i]f parole eligibility is not denied by the district court, future prospects for parole will depend on the prerequisites of La. R.S. 15:574.4(E) and on the ultimate determinations of the Parole Board").