| STATE OF LOUISIANA | * | NO. 2021-K-0178 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| SCOTT LINGLE | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 288-356, SECTION "I"
Honorable Karen K. Herman, Judge
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Regina Bartholomew-Woods)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Jason R. Williams
District Attorney
Emily Maw
Assistant District Attorney
Bidish Sarma
Assistant District Attorney
Civil Rights Division
Parish of Orleans
619 South White Street
New Orleans, Louisiana 70119

      COUNSEL FOR STATE OF LOUISIANA

Kristen A. Rome
Louisiana Center for Children's Rights
1100-B Milton Street
New Orleans, Louisiana 70122

      COUNSEL FOR SCOTT LINGLE

**WRIT GRANTED; REMANDED**
**JUNE 9, 2021**

The State seeks review of the trial court's April 1, 2021 ruling, which found the court could still sentence Mr. Lingle to life without parole despite the State's request to withdraw its notice to seek a parole-ineligible life sentence filed pursuant to La. C.Cr.P. art. 878.1(B).

*Procedural History*

Mr. Lingle, fifteen years old at the time of the crime, was convicted of second degree murder and sentenced to the then-mandatory term of life imprisonment at hard labor without benefit of parole. *State v. Lingle*, 514 So. 2d 171 (La. App. 4th Cir. 1987). Subsequently, in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of early release imposed upon a juvenile offender violated the Eighth Amendment prohibition against cruel and unusual punishment. Then, in *Montgomery v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the United States Supreme Court held that *Miller* announced a new substantive constitutional rule that was retroactive on state collateral review.

As a result, effective August 1, 2017, the Louisiana Legislature enacted La.

C.Cr.P. art. 878.1. Paragraph B (emphasis supplied), which is applicable to the matter *sub judice*, provides:

> B. (1) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without parole eligibility, **the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017.** If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). **If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article.** If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.

Consequently, on September 12, 2017, pursuant to La. C.Cr.P. art. 878.1 Paragraph B, the State filed its notice of intent to seek a life without benefit of parole sentence. The resentencing hearing was continued more than a dozen times. The State announced its intention to withdraw the notice of intent to seek life without parole. The trial court ruled that it would not allow the State to withdraw its motion and ordered that an evidentiary hearing be held. The trial court noted the State and defense objection to its ruling denying the State's request to withdraw its notice and finding that it was still authorized to sentence Mr. Lingle to life without parole.

*Discussion*

La. C.Cr.P. art. 878.1 Paragraph B requires that the State give written notice of its intent to seek a sentence of life imprisonment without parole eligibility when a defendant was sentenced to life imprisonment for a crime he committed while

2

under the age of eighteen years. Article 878.1(B) further provides that if the State fails to provide the notice to seek a sentence of life imprisonment without parole, the defendant convicted prior to August 1, 2017, shall be eligible for parole pursuant to La. R.S. 15:574.4(E) without the need for judicial determination. In *State v. Franklin*, 13-1489, pp. 5-6 (La. App. 4 Cir. 6/11/14), 147 So. 3d 231, 237, (footnote omitted) this Court stated:

> The district attorney has authority over every criminal prosecution instituted by the State of Louisiana in his district. See La. Const. art. 5, § 26(B), but see La.C.Cr.P. art. 61 (noting that the district attorney's decision-making is "[s]ubject to the supervision of the attorney general, as provided in Article 62 ..."). The bounds of this discretion extend to determinations of "whom, when, and how [the district attorney ] shall prosecute." La.C.Cr.P. art. 61 (emphasis added). See also *Bd. of Comm'rs of Orleans Levee Dist. v. Connick*, 94-3161, p. 14 (La.3/9/95), 654 So.2d 1073, 1080 ("The constitutional role of the district attorney is incipient to the criminal process; [the] decision to file charges in a court of criminal jurisdiction is the event which incites a trial court's exercise of that jurisdiction."). This authority also includes the "'broad discretionary power' not to institute a prosecution," which can be exercised in numerous constitutionally-permissible ways. See *State v. Hayes*, 10-1538, p. 6 (La.App. 4 Cir. 9/1/11), 75 So.3d 8, 13 (emphasis added), quoting *Briede v. Orleans Parish Dist. Attorney's Office*, 04-1773, p. 5 (La.App. 4 Cir. 6/22/05), 907 So.2d 790, 793.
>
> The district attorney can choose not to obtain any concessions or conditions in return from a defendant by, for example, never instituting formal charges, dismissing an already-commenced prosecution by entering a *nolle prosequi*, or allowing the time limitations for the commencement of trial to expire. See La.C.Cr.P. arts. 382, 691, 578. The district attorney may also reach agreements with criminal defendants in which further prosecution or trial for a particular offense is forgone in exchange for the fulfillment of certain conditions by that defendant. These agreements are usually categorized as plea bargains or agreements not to prosecute. Plea bargains are agreements wherein defendants traditionally waive their right to plead not guilty to certain charges in exchange for possible or certain leniency in sentencing or other considerations. See *Corbitt v. New Jersey*, 439 U.S. 212, 223–224, 99 S.Ct. 492, 58 L.Ed.2d 466. See also La.C.Cr.P. art. 552.
>
> In *Board of Commissioners of Orleans Levee District v. Connick*, 94-3161,

3

p. 14 (La. 3/9/95), 654 So. 2d 1073, 1080-81, the Louisiana Supreme Court stated:

> Under the Louisiana constitution it is the district attorney who is charged with the duty of seeking out potential criminals and bringing them to trial for their alleged wrongs. Where the constitution is silent, the Legislature defines the procedures to be followed in such trials when it sets forth the parameters of a trial court's criminal jurisdiction. See LSA-C.Cr.P. Art. 15. The constitutional role of the district attorney is incipient to the criminal process; his decision to file charges in a court of criminal jurisdiction is the event which incites a trial court's exercise of that jurisdiction.

Therefore, the right to seek certain sentences and sentencing enhancements was placed in the hands of the district attorney by the Louisiana Legislature.

For example, the decision to seek the punishment of death for a capital-eligible offense of first-degree murder rests in the discretion of the district attorney. La. R.S. 14:30(C)(1). The legislature also allotted the power to invoke a firearm sentencing enhancement to the district attorney. La. C.Cr.P. art. 893.1. It is also within the discretion of the district attorney to file a multiple bill to have someone sentenced as a habitual offender. La. R.S. 15:529.1(D)(1)(a). As in the above, the Louisiana Legislature placed the decision of whether to seek a sentence of life without the possibility of parole for a crime committed before the defendant reached the age of eighteen years prior to August 1, 2017, in the hands of the district attorney. In order for the State to seek the penalty of life without the possibility of parole under La. C.Cr.P. art. 878.1(B), the State must file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. Once the State files this notice, the trial court conducts a hearing to determine whether the life sentence should be imposed with or without parole eligibility. La. C.Cr.P. art. 878.1(B) provides further that if the State does not file a notice, the sentence of defendant shall be life with the possibility of parole. According to art. 878.1(B), the Louisiana Legislature ensured

4

that life without parole for an individual that committed the crime of first or second-degree murder while under the age of eighteen could only be imposed if the State affirmatively sought to pursue that penalty.

In the matter *sub judice*, the trial court ruled that because the district attorney filed a notice to seek the penalty of life imprisonment without the possibility of parole on September 12, 2017, it could still sentence Mr. Lingle to life without parole. However, the Louisiana Legislature intended to place the decision of whether or not a hearing would be conducted to determine parole eligibility in the hands of the district attorney. The legislature provided that when the district attorney does not file a notice to seek a penalty of life without parole, defendant's sentence defaults to a sentence of life <u>with</u> the benefit of parole. The trial court erred in determining that the district attorney could not withdraw its notice. The district attorney is entitled to change its mind after providing notice. Consider: La. C.Cr.P. art. 768 requires notice of intent to introduce a confession and without such notice the confession is inadmissible. Once the district attorney provides such notice, there is no requirement that the confession be utilized. Additionally, La. C.E. 404 requires the state to provide notice of its intent to introduce other crimes evidence. However, the notice does not require the district attorney to introduce such evidence should it choose not to. Perhaps most comparatively, in capital cases, the State may notice its intent to seek the death penalty but later withdraw that notice. *See, e.g., State v. Butler*, 53,360, p. 4 (La. App. 2 Cir. 4/22/20), 293 So. 3d 808, 812 ("The state eventually withdrew the request for the death penalty in January 2019 . . . .").

Moreover, the limitations of the trial court's discretion with a *Miller* hearing have been repeatedly noted by Courts of Appeal. *See State v. Wise*, 52,937, p. 3

5

(La. App. 2 Cir. 9/25/19), 281 So. 3d 809, 811 ("eligibility for parole is the sole question to be answered in a *Miller* hearing"); *State v. Smith*, 18-131, p. 11 (La. App. 5 Cir. 10/17/18), 258 So. 3d 973, 982 ("defendant is not entitled to be sentenced under the lesser included offense of manslaughter as the only issue in a *Miller* hearing is parole eligibility"); *State v. Sullivan*, 52,204, p. 6 (La. App. 2 Cir. 8/15/18), 253 So. 3d 911, 915 ("there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor"); *State v. Evans*, 51,811, p. 12 (La. App. 2 Cir. 1/10/18), 245 So. 3d 1112, 1119 ("In general, a district court has discretion to find that a mandatory minimum sentence may indeed be excessive for a given offense and offender. However, in the context of a *Miller* hearing, the only question for the court is eligibility for parole." (citation omitted)); *State v. Bradley*, 51,728, p. 7 (La. App. 2 Cir. 1/10/18), 243 So. 3d 1253, 1258 ("In enacting La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E), the Louisiana legislature did not grant any authority to vacate the verdict and enter a judgment for a lesser and included offense or reconsider whether the defendant is entitled to a downward departure from the mandatory sentence of life imprisonment.").

In reading La. C.Cr.P. art. 878.1(B), the Louisiana Legislature intended to give the district attorney the power as to whether or not a defendant could receive a sentence of life without the benefit of parole. The legislature provided that the district attorney provide notice if it intended to seek life without the benefit of parole as a sentence. The legislature provided further that in the event the district attorney does not provide such notice, the defendant shall be sentenced to life with the benefit of parole. The role of the trial court is to conduct a hearing should the district attorney provide notice that it intends to seek the penalty of life without the

6

benefit of parole.  In the matter *sub judice*, because the district attorney withdrew its notice of intent to seek the penalty of life in prison without the benefit of parole, there is no need to conduct a hearing and the default sentence of life with the benefit of parole should be imposed.  Accordingly, the writ is granted and the matter remanded to the trial court to impose the required sentence of life with the benefit of parole as required by La. C.Cr.P. art. 878.1(B).

**WRIT GRANTED; REMANDED**