KOVACH, PRO TEMPORE, J.
Defendant, Bobby C. Terrick, appeals his sentence of life imprisonment with parole eligibility in twenty-five years, which was imposed on resentencing, for his 2002 second degree murder conviction. For the *1248 following reasons, we affirm defendant's sentence. We also grant appellate counsel's motion to withdraw as counsel of record, and remand the matter to the trial court for correction of the November 11, 2017 minute entry in accordance with this opinion.
PROCEDURAL HISTORY
This is defendant's second appeal. Defendant was a juvenile at the time of the offense on July 27, 2001 and was tried as an adult on a charge of second degree murder.[1] The conviction and resulting sentence of life in prison without the benefit of parole, probation or suspension of sentence were affirmed by this Court.[2]
Since that appeal, in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 2466, 183 L.Ed.2d 407 (2012), the United States Supreme Court has held that the Eighth Amendment prohibition of cruel and unusual punishment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. On June 20, 2013, defendant filed a "Motion to Correct Illegal Sentence and Supporting Memorandum of Law and Facts,"[3] in which he requested resentencing pursuant to Miller. In response, the trial court set a hearing on September 13, 2013 for consideration of defendant's request for resentencing. However, the matter was continued due to the fact that on the date of the scheduled hearing, defendant filed a "Motion for Discovery", requesting various documents and information in the State's possession for consideration of resentencing under Miller .
On March 24, 2016, defendant filed a pro se "Motion to Amend Motion to Correct Illegal Sentence Supporting Memorandum of Law and Facts," re-urging the arguments made in prior pleadings challenging the legality of his sentence. On March 30, 2016, defendant filed a "Motion for Appointment of Counsel and Funding" and a portfolio containing religious, educational and self-help improvement certificates for the trial court's consideration. On November 30, 2017, after several continuances, the trial court heard the merits of defendant's motions. At that time, the trial court resentenced defendant pursuant to La. R.S. 15:574.4D to "life with the benefit of parole after serving twenty-five years". Defendant filed a timely appeal and the court assigned the Louisiana Appellate Project to represent defendant on appeal.
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per *1249 curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[5] The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted). In Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal, nor ruling of the trial court to be challenged. She further states that she considered whether to raise the issue of excessiveness of sentence but felt such a claim would be frivolous. Appellate counsel points out that the trial court sentenced defendant to the mandatory minimum and granted parole eligibility with credit for time served. She also asserts that trial counsel lodged an objection to the sentence but did not file a motion to reconsider the new sentence and did not request a downward departure at the hearing or resentencing. As such, appellate counsel contends that the sentence would not be regarded as constitutionally excessive.
Upon receipt of appellate counsel's brief, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that giving him a return date to file a pro se supplemental brief. Defendant filed a pro se Motion to Supplement (Appellate Brief) and a "Supplement Brief" on April 10 and 20, 2018, respectively.
ASSIGNMENTS OF ERROR
Defendant filed a pro se brief assigning three errors for our review.
*1250 Pro se assignment of error number one
Whether the 5th Circuit Court of Appeal judgment on pro se application is premature absent a complete record assignment of error and issue presented should be revived for a full and fair opportunity to be heard for a independent judicial review. (sic)
Defendant's first assignment of error relates to this Court's disposition in a prior pro se writ application filed on December 15, 2017, challenging his November 30, 2017 resentencing. This Court denied that writ, finding that because the sentence was appealable, the merits of the writ application would not be considered in the writ application.[6]
On April 10, 2018, this Court transmitted the appellate record to defendant at his request and gave him until May 10, 2018, to file a supplemental brief. Defendant filed a pro se Motion to Supplement (Appellate Brief) and a "Supplement Brief" on April 10 and 20, 2018, respectively. It is clear defendant had access to the November 30, 2017 resentencing transcript at the time he filed his supplemental brief because he made references to it in his supplemental brief.
Defendant has now challenged his November 30, 2017 resentencing in the instant appeal, this Court has the entire appellate record and will address defendant's pro se assignments of error, thus giving defendant a full and fair opportunity to be heard. The merits of defendant's challenge to his sentence are now properly before us in this appeal. Accordingly, we find no merit in this assignment of error.
Pro se assignment of error numbers two and three
Does the Due Process Clause 14th amendment and fair warning 5th Amendment of the U.S. Constitution and La. Const. (1974) Article 182 and Article 1315 null and void a judicial decisionmaking that retroactively apply a statutory enactment created after sentence of accused and commission of offense. (sic)
Does the Ex Post Facto Clause lack a legislative act to be applied retrospective abridging a pre-existing constitutional guarantee. (sic)
As we understand defendant's arguments in these two assignments of error, he asserts that his resentencing on November 30, 2017 under La. R.S. 15:574.4, violated the Ex Post Facto Clause and his constitutional rights to due process and fair warning. He indicates that he should have been resentenced to the lesser responsive verdict of manslaughter, the law that was in effect at the time he committed the offense. Consideration of this issue, along with a full discussion of the law and analysis of the final sentence, follows.
Under Miller, Louisiana's sentencing scheme that mandated life in prison without the possibility of parole for juvenile offenders could no longer stand. To comply with the directive set forth in Miller , the Louisiana Legislature passed 2013 La. Act 239 ("the Act"). The Act created La. C.Cr.P. art. 878.1, which directs the district courts to conduct a hearing before sentencing to determine whether the life sentence to be imposed on a juvenile homicide offender should be with or without parole eligibility. The Act also created La. R.S. 15:574.4(E)(1), which provides the conditions that must be met by any juvenile homicide offender serving a sentence with a judicial determination of parole eligibility *1251 pursuant to article 878.1 in order to be considered for parole.
On November 5, 2013, in State v. Tate , 12-2763 (La. 11/5/13), 130 So.3d 829, cert. denied , 572 U.S. 1137, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014), the Louisiana Supreme Court held that Miller , which set forth a new rule of constitutional procedure for sentencing, was not subject to retroactive application and was to be applied prospectively only. The Tate court further held that La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E)(1), which codified the Miller rule, applied prospectively only.
However, in January of 2016, in Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016), as revised (Jan. 27, 2016), the United States Supreme Court abrogated the Tate decision and held that Miller applied retroactively to defendants whose convictions and sentences became final prior to the Miller decision in 2012. In Montgomery , the United States Supreme Court addressed concerns that the retroactive application of Miller would place an undue hardship on states. The Court stated:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile received life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity - and who have since matured - will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment. Montgomery , 136 S.Ct. at 736 (citation omitted).
The United States Supreme Court, thereafter, remanded the matter to the Louisiana Supreme Court. On remand, in State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606, the Louisiana Supreme Court acknowledged the Miller ruling and reasoning and remanded the matter to the district court for resentencing of defendant.
In the matter before us, defendant was resentenced pursuant to La. R.S. 15:574.4 and La. C.Cr.P. art. 878.1, which have been amended and reenacted subsequent to the Montgomery opinion.[7]
La. R.S. 15:574.4(G)(1), provides:
G. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense was prior to August 1, 2017, shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(B) and all of the following conditions have been met:
(a) The offender has served twenty-five years of the sentence imposed.
(b) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior to the parole hearing date. A major disciplinary offense is an offense identified *1252 as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.
(c) The offender has completed the mandatory minimum of one hundred hours of pre-release programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
The applicable version of art. 878.1 provides in pertinent part as follows:
B. (1) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.
The defendant argues that applying La. R.S. 15:574.4 in resentencing a defendant pursuant to Miller violates the ex post facto clause and his constitutional rights to due process and fair warning. He further argues he should be resentenced to the lesser responsive verdict of manslaughter, the law that was in effect at the time he committed the offense.
Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. Application of La. R.S. 15:574.4(E) in the instant matter did neither. State v. Jackson , 51,527 (La. App. 2 Cir. 8/9/17), 243 So.3d 1093, 1099, writ denied, 17-1540 (La. 5/25/18), 243 So.3d 565.
Eligibility for parole is the sole question to be answered in a Miller hearing.
*1253 State v. Stewart , 17-297 (La. App. 5 Cir. 11/29/17), 232 So.3d 1284. There is no consideration of whether the defendant was entitled to a downward departure from the mandatory sentence of life imprisonment at hard labor. Rather, the trial court is required to consider only whether that mandatory sentence should include parole eligibility. Id.
Moreover, Louisiana courts have repeatedly rejected the argument that resentencing pursuant to Miller , requires a defendant to be sentenced under the manslaughter statute. State v. Brown , 51,418 (La. App. 2 Cir. 6/21/17), --- So.3d ----, writ denied, 17-1287 (La. 4/27/18), 241 So.3d 306, and cases cited therein.
In the matter before us, the record shows that the trial judge adhered to the law set forth in Miller and its progeny in resentencing. According to that law, the trial judge's purpose at the hearing was to determine whether to resentence defendant to life imprisonment with parole eligibility or life imprisonment without parole eligibility. After reviewing the law, the exhibits, and the facts of the case, the trial judge chose to vacate defendant's sentence and resentence him to life imprisonment with parole eligibility in twenty-five years, the less severe of the two potential penalties. Defendant's sentence now provides him with a meaningful opportunity for release. In light of the foregoing, we find that defendant's sentence was neither excessive, nor an infringement of the principles of ex post facto . Therefore, we find no merit in defendant's assignments of error.
ERRORS PATENT
This Court has reviewed the record for errors patent according to La. C.Cr.P. art. 920. State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). A review reveals that, although the resentencing transcript, minute entry indicate that defendant was sentenced pursuant to La. R.S. 15:574.4(D), defendant was actually sentenced under La. R.S. 15:574.4(G). Section (D)(1) provides that the statute is not applicable to a person who is serving a life sentence for second degree murder. Defendant in the instant case is serving a life sentence for second degree murder. Section (G)(1) provides that the statute is applicable to any person serving a life sentence for second degree murder who was under the age of eighteen at the time of the offense and whose indictment for the offense was prior to August 1, 2017. Defendant in the instant case meets those requirements. For purposes of accuracy, we remand this matter to the trial court with instructions to amend the minute entry of commitment to reflect that defendant was sentenced under La. R.S. 15:574.4(G).
Finally, we find that an independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The minute entry reflects that defendant and his counsel appeared at his resentencing. As such, there are no appealable issues surrounding defendant's presence. Accordingly, we grant appellate counsel's motion to withdraw as counsel of record.
DECREE
For the foregoing reasons, we affirm defendant's sentence, and we remand the matter to the trial court for correction of the November 30, 2017 minute entry and commitment to indicate defendant was resentenced pursuant to La. R.S. 15:574.4(G). We also grant appellate counsel's motion to withdraw as counsel of record.
AFFIRMED; REMANDED FOR CORRECTION OF MINUTE ENTRY; MOTION TO WITHDRAW GRANTED.

There is some confusion over whether defendant was 16 or 17 at the time of the offense.

State v. Terrick , 03-515 (La. App. 5 Cir. 9/30/03), 857 So.2d 1153, 1155, writ denied , 03-3272 (La. 3/26/04), 871 So.2d 346. The facts of the crime were fully set out in that opinion and will not be repeated herein.

Defendant has filed other applications for post-conviction conviction relief which have been ruled upon by the trial court and reviewed by this Court. However, those applications are irrelevant to the issue in this appeal and are not included in the procedural history.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Terrick v. State of Louisiana , 17-KH-681 (La. App. 5 Cir. 3/8/18) (unpublished writ disposition).

La. C.Cr.P. art. 878.1 was subsequently amended by 2017 La. Acts No. 277, § 2, effective August 1, 2017, to restate that the "sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility[,]" among other minor changes. La. R.S. 15:574.4 was subsequently amended by 2017 La. Acts No. 277, § 1, effective August 1, 2017, to reduce the required time to 25 years from the prior time of 35 years.