STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 22-54


STATE OF LOUISIANA

VERSUS

TROY SHELVIN


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-56962
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Candyce G. Perret, and Charles G. Fitzgerald, Judges.


**REMANDED FOR SENTENCING WITH INSTRUCTIONS.**

**Donald Dale Landry**
**Fifteenth Judicial District Attorney**
**Kenneth P. Hebert**
**Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, LA 70501**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Jane Hogan**
**Hogan Attorneys**
**310 North Cherry Street**
**Hammond, LA 70401**
**(985) 542-7730**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Troy Shelvin**

**EZELL, Judge.**

Defendant, Troy Shelvin, was charged by indictment filed on November 2, 1988, with first degree murder, a violation of La.R.S. 14:30. On January 11, 1991, Defendant pled guilty to the amended charge of second degree murder, a violation of La.R.S. 14:30.1, and was sentenced to life without benefit of probation, parole, or suspension of sentence. Defendant did not file an appeal.

On September 21, 2012, Defendant filed a "Motion to Correct an Illegal Sentence Pursuant to: La. C.Cr.P. Article 822, a Sentence Declared (Unconstitutional) Illegal by the United States Supreme Court." In his motion, Defendant alleged that his mandatory life sentence was illegal pursuant *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455 (2012), because he was a juvenile at the time of the offense.[1] The motion was denied on October 4, 2012. The trial court's ruling was affirmed. *See State v. Shelvin*, 12-1280 (La.App. 3 Cir. 8/29/13) (unpublished opinion).

Defendant filed another "Motion to Correct Illegal Sentence (Under Montgomery v. Louisiana, No. 14-280, __ U.S. _ (Jan. 25, 2016))" on April 7, 2016.[2] On September 13, 2016, Defendant filed a pleading titled "Supplemental Legal Authority for immediate Resentencing pursuant to Miller v. Alabama/Jackson v. Hobbs and Montgomery v. Louisiana." The supplement was denied on September 20, 2016. Defendant sought review of the trial court's ruling, and this court vacated Defendant's sentence and remanded the matter to the trial court "pursuant to *Montgomery v. Louisiana*, 577 U.S. [190], 136 S.Ct. 718 (2016)

---

[1]*Miller* rendered automatic sentences of life imprisonment without parole for juvenile homicide offenders unconstitutional.

[2]*Montgomery*, 577 U.S. [190], 136 S.Ct. 718 (2016), made the holding in *Miller* retroactive to cases on collateral review.

and La.Code Crim.P. art. 878.1." The trial court was ordered to set a hearing date by July 3, 2017, to determine whether Defendant was "eligible for parole under the conditions established in La.R.S. 15:574.4(E)." *See Shelvin*, 16-852 (La.App. 3 Cir. 5/4/17) (unpublished opinion).

At a hearing held on October 24, 2017, the State noted it would not seek a sentence of life without parole. On January 8, 2018, Defendant filed a "Motion to Set for Hearing." Therein, Defendant asked the trial court to set a resentencing hearing at which he could present evidence to demonstrate he deserved to be sentenced to a fixed term of years as opposed to life imprisonment with parole.

On May 15, 2018, Defendant was present for resentencing. The State objected to the hearing, asserting there was no authority for the resentencing. Defense counsel noted Defendant's sentence had been vacated and asserted the proceedings were not a *Miller* hearing. The State alleged Defendant was "sentenced automatically from the statute, sentenced to life with the possibility of parole." The trial court noted it did not "have any problem with him getting parole" and denied Defendant's "right[] to have the hearing to reduce the sentence." The court agreed with the State's assertion that there was no need to resentence Defendant. The judge then stated, "I'm not welling [sic] to diverge from the life sentence." The trial court subsequently granted defense counsel's request to proffer evidence in support of a downward departure. Thereafter, defense counsel offered the testimony of three people, including Defendant.

On June 17, 2019, Defendant filed a Uniform Application for Post-Conviction Relief seeking an out-of-time appeal from the May 15, 2018 proceeding. The trial court denied Defendant's application on June 21, 2019. On review, this court remanded the matter to the trial court for a hearing pursuant to

2

*State v. Counterman*, 475 So.2d 336 (La.1985). *See State v. Shelvin*, 19-558 (La.App. 3 Cir. 10/27/20) (unpublished opinion).

On January 19, 2021, the trial court held a hearing regarding Defendant's request for an out-of-time appeal. The trial court denied the motion but agreed to hold the record open for thirty days for counsel to file a brief in support of Defendant's motion. On February 18, 2021, Defendant filed a "Motion to Reconsider Ruling and Memorandum in Support of Motion for Out of Time Appeal," which was denied on February 22, 2021. Defendant sought review of the denial of his motion for an out-of-time appeal, and this court granted Defendant's request for an appeal. *See State v. Shelvin*, 21-262 (La.App. 3 Cir. 11/18/21) (unpublished opinion).

Defendant's appeal was lodged on January 28, 2022. In brief to this court, he asserts the trial court erred when it refused to evaluate whether his default sentence of life with parole was unconstitutionally excessive as applied.

## FACTS

On October 2, 1988, when Defendant was seventeen years old, he murdered Kerry Jones.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent that requires the case be remanded for the imposition of sentence.

There is no sentence currently imposed on Defendant. The 1991 life sentence originally imposed upon Defendant was vacated by this court on May 4, 2017:

**WRIT GRANTED AND MADE PEREMPTORY, IN PART; WRIT DENIED, IN PART:** Relator's writ application is granted and made peremptory, in part, insofar as to vacate Relator's sentence and remand to the district court pursuant to *Montgomery v. Louisiana*, 577 U.S. [190], 136 S.Ct. 718 (2016) and La.Code Crim.P. art. 878.1. Accordingly, the trial court is ordered to appoint counsel to represent Relator if he does not have representation and set a hearing date by July 3, 2017, to determine whether he is eligible for parole under the conditions established in La.R.S. 15:574.4(E). In all other respects, Relator's writ application is denied.

*Shelvin*, 16-852.

Upon remand, a hearing was held on May 15, 2018. At the hearing, defense counsel requested the trial court conduct a hearing to see if a downward departure from the mandatory life sentence was appropriate pursuant to *State v. Dorthey*, 623 So.2d 1276 (La.1993). The State objected to such a hearing, contending that its decision to not file a notice of intent to seek life without parole rendered Defendant parole eligible and negated the need for a hearing. Although defense counsel agreed that Defendant was "de facto parole eligible[,]" she contended the case was "ripe for the sentence" since Defendant's sentence had been vacated by this court, causing there to be no sentence. Finding that it was not willing to diverge from the life sentence, the trial court agreed with the State that no sentencing hearing was needed as Defendant was automatically parole eligible. Defense counsel then proffered the testimony she sought to introduce at a sentencing hearing.

Since this court vacated Defendant's sentence in *Shelvin*, 16-852, there is no sentence presently imposed upon Defendant. We find that La.Code Crim.P. art. 878.1(B)(1) (emphasis added) provides:

> If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without

4

parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). **If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article.** If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.

The wording emphasized in the above article comes into play only if a sentence is imposed. Since no sentence was imposed as a result of this court's vacation of the sentence in *Shelvin*, 16-852, the case must be remanded for the imposition of sentence. *See State v. Coward*, 18-951 (La.App. 3 Cir. 6/5/19) (unpublished opinion).

## ASSIGNMENT OF ERROR

In his only assignment of error, Defendant contends the trial court erred when it refused to evaluate whether his default sentence of life with parole was unconstitutionally excessive as applied.

The issue presented is governed by La.Code Crim.P. art. 878.1(B). Defendant notes that after the State failed to file a notice of intent to seek life without parole, he was parole eligible by default per La.Code Crim.P. art. 878.1. Defendant suggests he is worthy of a departure from the statutory minimum sentence, and the trial court's refusal to consider evidence of a downward departure was an abuse of discretion. Defendant asserts that various district courts have held sentencing hearings for those serving life sentences for offenses committed as juveniles after finding a life sentence with parole would be excessive. Defendant alleges his case is unique in that he has made efforts to

5

further his education, completed rehabilitative courses, and the victim's family has requested his immediate release. He asks this court to vacate his sentence and remand the matter with instructions that he be permitted to introduce evidence in support of a lesser sentence to a fixed term of years.

In *State v. Lingle*, 21-178, pp. 6–7 (La.App. 4 Cir. 6/9/21), ___ So.3d ___, ___, the fourth circuit addressed the trial court's ability to order an evidentiary hearing after the State's request to withdraw its notice of intent to seek a sentence of life without benefit of parole:

> In reading La. C.Cr.P. art. 878.1(B), the Louisiana Legislature intended to give the district attorney the power as to whether or not a defendant could receive a sentence of life without the benefit of parole. The legislature provided that the district attorney provide notice if it intended to seek life without the benefit of parole as a sentence. The legislature provided further that in the event the district attorney does not provide such notice, the defendant shall be sentenced to life with the benefit of parole. The role of the trial court is to conduct a hearing should the district attorney provide notice that it intends to seek the penalty of life without the benefit of parole. In the matter *sub judice*, because the district attorney withdrew its notice of intent to seek the penalty of life in prison without the benefit of parole, there is no need to conduct a hearing and the default sentence of life with the benefit of parole should be imposed.

In his concurrence in *State v. Montgomery*, 13-1163, p. 1 (La. 6/28/16), 194 So.3d 606, 610, Justice Crichton wrote: "*Eligibility vel non* is the sole question to be answered in a *Miller* hearing." In *State v. Comeaux*, 17-682 (La.App. 3 Cir. 2/15/18), 239 So.3d 920, *writ denied*, 18-428 (La. 1/14/19), 261 So.3d 783, after citing various cases that stated there was no consideration of whether there should be a downward departure from the mandatory sentence of life at a *Miller* hearing, this court concluded the defendant was not entitled to a downward departure. *See also State v. Terrick*, 18-102 (La.App. 5 Cir. 8/29/18), 254 So.3d 1246, *writ*

*denied*, 18-532 (La. 1/14/19), 260 So.3d 1217; *State v. Clemons*, 53,248 (La.App. 2 Cir. 1/15/20), 289 So.3d 1165, *writ denied*, 20-407 (La. 7/31/20), 300 So.3d 399.

Because no hearing was held prior to August 1, 2017, and the State declined to file a notice of intent to seek life without parole, the trial court was not required to hold a hearing, and Defendant is entitled to parole eligibility by operation of law. Moreover, the trial court need not consider Defendant's request for a downward departure.

## CONCLUSION

The case is remanded for the imposition of sentence. On remand, the trial court is instructed that it need not consider Defendant's request for a downward departure when imposing sentence.

**REMANDED FOR SENTENCING WITH INSTRUCTIONS.**