Judge Tiffany G. Chase
Defendant, Ronald Olivier (hereinafter "Mr. Olivier"), was convicted of second degree murder in 1993, when he was a juvenile, and sentenced to life imprisonment, without benefit of probation, parole or suspension of sentence. Mr. Olivier appealed and his conviction and sentence were affirmed by this Court in 1994.[1] Following the United States Supreme Court decision in Miller v. Alabama[2] , Mr. Olivier filed a motion with the trial court seeking to correct his sentence in accordance with Miller . After a hearing, the motion was denied. Mr. Olivier appealed and this Court affirmed the trial court's judgment. Mr. Olivier filed a petition for habeas corpus in the United States District Court for the Eastern District of Louisiana. The court granted relief and ordered Mr. Olivier to be resentenced. The trial court resentenced Mr. Olivier to life with eligibility of parole and without benefit of probation or suspension of sentence. Mr. Olivier appeals seeking review of his corrected sentence.
In addition to Mr. Olivier's appeal, his appellate counsel filed an Anders[3] brief seeking to withdraw as counsel of record. Accordingly, for the reasons that follow, we affirm Mr. Olivier's sentence and grant appellate counsel's motion to withdraw.
Facts and Procedural History
On February 20, 1992, Mr. Olivier was indicted for first degree murder pursuant to La. R.S. 14:30. After a trial by jury, Mr. Olivier was found guilty of second degree murder, pursuant to La. R.S. 14:30.1, and sentenced to life imprisonment, without benefit of probation, parole or suspension of sentence. Mr.
Olivier appealed and his conviction and sentence *608 were affirmed by this Court. On February 27, 2013, Mr. Olivier filed a motion to correct an illegal sentence arguing that Miller v. Alabama deemed his life sentence, without the possibility of parole, unconstitutional since he was a minor at the time of the offense. The trial court determined, on April 17, 2013, that Miller applied retroactively and granted a date to hear Mr. Olivier's motion. On November 25, 2013, the trial court found that Miller was not applicable to Mr. Olivier's case, based on the Louisiana Supreme Court's holding in State v. Tate[4] , and denied his motion. Mr. Olivier appealed the trial court's ruling and, on September 3, 2014, this Court converted his appeal to a writ, granted the writ and affirmed the trial court's judgment.
On January 2, 2015, Mr. Olivier filed a petition for habeas corpus pursuant to 28 U.S.C § 2254 in the United States District Court for the Eastern District of Louisiana. On October 3, 2016 the federal court granted Mr. Olivier's petition. The United States District Court vacated Mr. Olivier's sentence and ordered the State to resentence him based on the United States Supreme Court's ruling in Montgomery v. Louisiana[5] , within ninety (90) days or, alternatively, release him. On remand, the trial court vacated Mr. Olivier's sentence and resentenced him to life with eligibility of parole and without benefit of probation or suspension of sentence on December 8, 2016.[6]
Thereafter, Appellate counsel concurrently filed a motion to withdraw with the Anders brief. Mr. Olivier then filed a pro se motion to file a supplemental brief in order to add additional arguments. This Court granted Mr. Olivier's motion on October 26, 2017 and ordered that he file a supplemental brief within forty-five (45) days of this Court's order. Mr. Olivier filed a supplemental brief on December 5, 2017.
Pro Se Assignments of Error
Mr. Olivier filed a pro se brief in which he assigns four assignments of error for our review. We will discuss each below.
Applicability of Miller and Montgomery
1. "The trial court violated the Appellant's constitutional protection of Ar. [sic] VI cl. [sic] 2 of the United States Constitution by disobeying the substantive constitutional rule change announced in Miller and Montgomery that the Eight Amendment demands that the court fashion 'an individualize' [sic] sentence juvenile offenders under the age of 18 years old 'whose crime reflects unfortunate yet transient immaturity.' "
By this assignment of error, Mr. Olivier argues that his resentence is unconstitutional because he did not receive *609 an individualized sentence as required by Miller and the Eighth Amendment.
In Miller v. Alabama the United States Supreme Court held that it is unconstitutional to sentence juvenile homicide offenders to life in prison without the possibility of parole. The Supreme Court's decision did not explicitly ban sentencing juvenile homicide offenders to life in prison without possibility of parole, rather the decision mandated that the trial court follow a certain process and consider mitigating factors before imposing such a sentence.[7] The Court reasoned that a severe risk of disproportionate punishment is created by not taking into consideration an offender's youth when imposing a harsh prison sentence.[8]
Mr. Olivier argues that the trial court used a procedural hearing to satisfy the substantive rule change of Miller. Essentially, he argues that Miller was a substantive change in law and as such a procedural tactic is inappropriate to satisfy the requirements of the new law. Mr. Olivier further argues that the trial court should have imposed an individualized sentence enforced by the legislature.
In Montgomery , the United States Supreme Court determined that Miller applied to cases retroactively. The Supreme Court held "that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule."[9] The Court further stated that:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.[10]
Mr. Olivier's previous sentence was unconstitutional because it imposed a life sentence without parole eligibility. The Supreme Court in Miller determined this to be a violation of the Eighth Amendment and corrected that violation accordingly. Miller does not require "individualized" sentencing, only that parole eligibility is considered an option when sentencing youth offenders. As such, the trial court correctly applied the rulings under Miller and Montgomery.
Therefore, we find no merit to this assignment of error.
Fair Notice
2. "The trial court violated the Appellant's constitutional protection-Art. I, §§ 2, 3 and 13 of the Louisiana Constitution of 1974; U.S. Constitution Amendment Fifth and Fourteenth- of fair warning of what sentence he would receive if convicted of second degree murder."
By this assignment of error, Mr. Olivier argues that the sentence of life with eligibility of parole violates the Fifth Amendment protection of "fair notice" because *610 it was not a sentencing option at the time the offense was committed. This argument has previously been rejected by a Louisiana appellate court, which reasoned that there is no deprivation of fair warning when the requirements to prove second degree murder have not changed and therefore, a defendant knew his conduct would constitute criminal behavior.[11] Additionally, Mr. Olivier's right to fair notice has not been violated because life without possibility of parole is still an option when sentencing youth offenders. Thus, the only difference post Miller is that certain mitigating factors must be considered when determining if the sentence is appropriate. As such, Mr. Olivier's right to fair notice was not violated.
Therefore, we find no merit to this assignment of error.
Due Process
3. "The trial court violated the Appellant's constitutional guarantee- Art. I, §§ 2, 3, 13 and 20 of the Louisiana Constitution of 1974; U.S. Constitution Amendments Fifth and Fourteenth- to a substantive legislatively fixed penalty in response to Miller's substantive constitutional rule change."
4. "The trial court violated the Appellant's constitutional protection- Article I, §§ 2, 3, 13 and 20 of the Louisiana Constitution of 1974; U.S. Fifth and
Fourteenth- against retroactive judicial expansion of narrow and precise statutory language, i.e. R.S. 15:574.4(D)."
By these assignments of error Mr. Olivier argues that his sentence violated his due process rights because it exposed him to a sentence, created by the courts not the legislature, which was not in place at the time he committed the offense. He further argues that he should have been resentenced to the next lesser included offense.
After Montgomery the Louisiana Legislature amended La. C.Cr.P. art. 878.1 to provide resentencing guidelines. It provides, in pertinent part:
B. (2) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was held pursuant to this Article prior to August 1, 2017, the following shall apply:
(a) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G).
This Court interpreted the amendment, stating:
'The Louisiana legislature promptly addressed the Miller directive against mandatory life-without-parole sentences for juvenile killers by devising a sentencing procedure which would require that a trial court sentencing a youthful offender review all pertinent factors before determining whether parole eligibility was warranted. By its very application to only murderers under the age of 18, the provisions of La. C. Cr. P. art. 878.1 mandating a sentencing hearing at which the defense will be given an opportunity to present mitigating factors-which obviously include the defendant's age as an important part of his social history-satisfy Miller's requirement that mitigating factors favoring a juvenile killer be heard in a proceeding held for that purpose...
*611 ...
[L]ife without parole is still a constitutionally acceptable sentence for adult killers and it is not a prohibited sentence for all juvenile killers. Our legislature carefully designed an adequate solution by adding a new statute pertaining to parole eligibility for juvenile killers which is to be read in conjunction with the first and second degree murder statutes. In the event that the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) provides conditions which must be satisfied before the defendant can apply to the parole board for parole consideration.'
Either sentencing scheme of life imprisonment with parole, or life imprisonment without parole, is proper and not unconstitutional under Miller v. Alabama , supra. Accordingly, we find the defendant was not entitled to be sentenced to the next available responsive verdict of manslaughter. See, State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272.[12]
Contrary to Mr. Olivier's contention, the Louisiana Legislature has amended the statutes to allow for implementation of Miller. Additionally, Mr. Olivier's argument that he should be resentenced to the next lesser included offense has been rejected by this Court, and multiple appellate courts, which have determined that sentencing an offender to life imprisonment with or without parole eligibility was proper, under Miller , and sentencing an offender to the next lesser included offense was not mandated.[13]
The rulings in Miller and Montgomery were adopted by the legislature in La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E). Although Mr. Olivier's initial sentence of life without the possibility of parole was determined to be illegal, that illegality was corrected when the trial court vacated the sentence and resentenced him based on Miller and Montgomery. As such, no legal grounds exist which would warrant
Mr. Olivier being sentenced under the lesser included offense and his due process rights were not violated.
Therefore, we find no merit to these assignments of error.
Errors patent
The record was reviewed for errors patent, in accordance with La. C.Cr.P. art. 920, and none were found.
Anders brief and motion to withdraw
Appellate counsel has filed an Anders brief pursuant to Anders v. California and State v. Jyles. Counsel is asserting that she has completed a thorough review of the trial court record and found no non-frivolous issues to raise on appeal. The United States Supreme Court in Anders determined that, after an examination of the trial court record, if appellate counsel finds the case to be frivolous, counsel should advise the court accordingly and seek withdrawal from the matter.[14] Anders was interpreted by this Court in State v. Benjamin.[15]
This Court has conducted an independent review of the record as required by Benjamin and determined that a review of *612 the record supports appellate counsel's findings of no non-frivolous issues to raise on appeal.
Conclusion
After a thorough review of the record, this Court finds no merit to any assignments of error raised by Mr. Olivier. Further, we find no errors patent and that there are no non-frivolous issues to raise on appeal. Therefore, Mr. Olivier's resentence is affirmed. Additionally, appellate counsel's motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW AS COUNSEL OF RECORD IS GRANTED

State v. Olivier , 93-2303 (La.App. 4 Cir. 11/17/94), 646 So.2d 1262 (unpublished).

Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669, (La. 12/12/97), 704 So.2d 241, 242.

Tate ruled that Miller did not apply retroactively. State v. Tate , 2012-2763, (La. 11/5/13) 130 So.3d 829 ) (abrogated by Montgomery v. Louisiana, --- U.S. ----, 136 S.Ct. 718, 723, 193 L.Ed.2d 599 (2016) ).

In Montgomery , the Court found that Miller applies retroactively to cases on collateral review. Montgomery v. Louisiana, --- U.S. ----, 136 S.Ct. 718, 723, 193 L.Ed.2d 599 (2016).

Although the United State District Court had already vacated Mr. Oliver's sentence, at the resentencing hearing the trial court vacated the sentence again out of an abundance of caution, stating: "[S]o although the sentence was vacated, out of an abundance of caution, I think I need to say it again, that the court, at this time, is going to vacate your sentence of April 12 of 1993, as I said, having found it to be illegal and unconstitutional under Miller versus Alabama and Montgomery versus Louisiana. " Transcript of Post-Conviction Relief Hearing at 39, State v. Olivier , No. 354-800 (12/8/16).

Miller , 567 U.S. 460 at 483, 132 S.Ct. 2455.

Id at 479, 132 S.Ct. 2455.

Montgomery , 136 S.Ct. 718 at 729.

Id. at 736.

State v. Shaw , 51,325, pp. 11-12 (La.App. 2 Cir. 5/17/17), 223 So.3d 607.

State v. Williams , 2015-0866 (La.App. 4 Cir. 1/20/16), 186 So.3d 242, 253 ) (quoting State v. Fletcher , 49,303, pp. 12-13 (La.App. 2 Cir. 10/1/14), 149 So.3d 934, 942 ) ).

See Williams , 186 So.3d 242 at 253 ; State v. Jones, 15-157 (La.App. 5 Cir. 9/23/15, 176 So.3d 713 ; State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903 ; State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272.

Anders , 386 U.S. 738, 87 S.Ct. 1396.

State v. Benjamin , 573 So.2d 528 (La.App. 4 Cir. 1990).