JUDGE SANDRA CABRINA JENKINS
Defendant's appeal arises from a resentencing pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Based on applicable law and jurisprudence, we find that the trial court imposed a legal sentence of life imprisonment with the possibility of parole. Accordingly, defendant's sentence is affirmed.
STATEMENT OF CASE[1]
Reginald Williams ("Williams") and two others-Alonzo Walton and Lester R. Allen-were charged with the March 16, 1980 first degree murder of Charles Millet, a violation of La. R.S. 14:30. Williams was a minor on the date of the murder. On August 28, 1980, a jury found Williams guilty as charged. He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence on September 12, 1980. This Court affirmed his conviction and sentence on direct appeal. State v. Williams , --- So.2d ---- (La. App. 4 Cir. 1980) (unpub. ). Williams was unsuccessful in his efforts to obtain collateral relief until the U.S. Supreme Court issued Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), holding that its previous holding in Miller , supra , applied retroactively. Miller held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders" absent taking "into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." 567 U.S. at 479-80, 132 S.Ct. at 2469.
Williams filed a motion to correct illegal sentence based on Miller on September 11, 2012. After the Louisiana Supreme *131 Court granted writs to deny relief, see State v. Williams , 2013-0100 (La. 6/20/14), 141 So.3d 805 (rejecting relief based on finding Miller did not apply retroactively), Williams filed an application for writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Eastern District of Louisiana. He also filed another motion to correct illegal sentence based on Miller and Montgomery on May 2, 2016. Subsequent to staying the federal suit, pending the issuance of Montgomery , on July 18, 2016, the U.S. District Court for the Eastern District of Louisiana issued the following order:
For the reasons stated above, the Court finds that Petitioner is entitled to relief from his unconstitutional sentence. Accordingly,
IT IS HEREBY ORDERED that the State's objection is OVERRULED;
IT IS FURTHER ORDERED that the Court ADOPTS the Magistrate Judge's recommendation;
IT IS FURTHER ORDERED that Petitioner Reginald Williams's application for habeas corpus relief is GRANTED , that his sentence of life imprisonment without benefit of probation, parole or suspension of sentence is VACATED , and that the state trial court is ORDERED to resentence Petitioner in conformity with Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), within one hundred twenty (120) days or, in the alternative, to release him from confinement.
Williams v. Cain , No. 15-404, 2016 WL 3877973, (E.D. La. 7/18/16).
On September 15, 2016, after a hearing, the trial court resentenced Williams to life with the possibility of parole.
Williams filed a pro se motion to reconsider sentence, a motion for appeal, and a motion for appointment of appellate counsel. The trial court denied the motion to reconsider sentence and failed to grant Williams' request for appeal. On supervisory writs to this Court, we found that the relator's resentencing on September 15, 2016, is an appealable judgment and ordered the trial court to grant the appeal and to appoint appellate counsel. State v. Williams , 2017-0581 (La. App. 4 Cir. 7/21/17), --- So.3d ---- (unpub. ). This appeal followed.
DISCUSSION
In his sole assignment, Williams asserts the trial court erred in resentencing him to life imprisonment with the possibility of parole. Specifically, counsel argues: 1) the new sentence violates the ex post facto clause because it subjects Williams to new probation rules found in La. R.S. 15:574.4(E-G) and the parole eligibility hearing rule in La. C.Cr.P. art. 878.1(B)(2)(a) ; 2) Williams should have been resentenced to the maximum sentence for the next lesser included offense, manslaughter; 3) the new sentence does not comply with Miller because it was not individualized.
Analysis
The district court was required to resentence Williams based on the Court's holdings in Miller , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 and Montgomery , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599. Miller held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." 567 U.S. at 479, 132 S.Ct. at 2469. Miller did not absolutely "foreclose a sentencer's ability" to sentence a juvenile convicted of homicide to life without parole, but specified that to impose such a sentence, "we require [the sentencer] to take into account how children are different, and how those differences counsel against irrevocably *132 sentencing them to a lifetime in prison." Id. at 480, 132 S.Ct. at 2469.
Montgomery gave Miller retroactive effect. In so holding, the Court specified that:
[g]iving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions in every case where a juvenile offender received mandatory life without parole. A state may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing him.
Montgomery , --- U.S. ----, 136 S.Ct. at 736.
Ex-post facto
U.S. Const. Art. I, § 10 and La. Const. art. I, § 23 prohibit ex post facto application of criminal law by the State. State v. Everett , 2000-2998, p. 13 (La. 5/14/02), 816 So.2d 1272, 1280. The focus of the ex post facto determination is whether a change in the law alters the definition of criminal conduct or increases punishment for the crime. Massey v. La. Dept. of Pub. Safety & Corr. , 2013-2798, p. 5 (La. 10/15/14), 149 So.3d 780, 784. "[T]he relevant inquiry is whether the change in the law 'creates a significant risk of prolonging [the inmate's] incarceration.' " Id. , 2013-2798, p. 6, 149 So.3d at 784 (quoting Garner v. Jones , 529 U.S. 244, 251, 120 S.Ct. 1362, 1368, 146 L.Ed.2d 236 (2000) ).
In State v. Williams , 2015-0866, pp. 15-16 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 252, this Court held that applying La. C.Cr.P. art. 878.1 and La. R.S. 15:274.4(E) to resentence a juvenile convicted of a 2006 second degree murder pursuant to Miller did not violate the ex post facto clause. This Court reasoned that the Louisiana Supreme Court, in State v. Jones , 2013-2039 (La. 2/28/14), 134 So.3d 1164, ordered implementation of Miller through the application of La. C.Cr.P. art. 878.1 and La. R.S. 15:547.4(E). Williams , 2015-0866, pp. 15-16, 186 So.3d at 252 (citing State v. Graham , 2014-1769, p. 8 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 278 ).
In State v. Shaw , 51, 325, p. 10 (La. App. 2 Cir. 5/17/17), 223 So.3d 607, 613, the Second Circuit, citing this Court's decision in Williams , also held that there is no ex post facto violation from the application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) in resentencing a defendant pursuant to Miller . Further, the Second Circuit stated that application of those statutes does "not subject a defendant to a harsher sentence or a longer period of incarceration."
Thus, in accordance with Williams , Shaw , and Jones , supra , we find that the application of La.C.Cr.P. art. 871 and La. R.S. 15:574.4(E-G) to this case does not violate the ex post facto principles.
Maximum sentence under next lesser included offense
Likewise, Williams' assertion that he should have been sentenced to the next lesser included offense has also been previously rejected by this Court. In Williams , supra , this Court adopted the Second Circuit's reasoning that La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4 provide a means to implement Miller 's mandate, stating:
The Louisiana legislature promptly addressed the Miller directive against mandatory life-without-parole sentences for juvenile killers by devising a sentencing procedure which would require that a trial court sentencing a youthful offender review all pertinent factors before determining whether parole eligibility was warranted. By its very application to only murderers under the age of 18, the provisions of La. C. Cr. P. art. 878.1 mandating a *133 sentencing hearing at which the defense will be given an opportunity to present mitigating factors-which obviously include the defendant's age as an important part of his social history-satisfy Miller 's requirement that mitigating factors favoring a juvenile killer be heard in a proceeding held for that purpose...
... life without parole is still a constitutionally acceptable sentence for adult killers and it is not a prohibited sentence for all juvenile killers. Our legislature carefully designed an adequate solution by adding a new statute pertaining to parole eligibility for juvenile killers which is to be read in conjunction with the first and second degree murder statutes. In the event that the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) provides conditions which must be satisfied before the defendant can apply to the parole board for parole consideration. (Emphasis supplied).
Either sentencing scheme of life imprisonment with parole, or life imprisonment without parole, is proper and not unconstitutional under Miller v. Alabama , supra . Accordingly, we find the defendant was not entitled to be sentenced to the next available responsive verdict of manslaughter. See State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272.
2015-0866, pp. 16-17, 186 So.3d at 253, (quoting State v. Fletcher , 49,303, pp. 12-13 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, 942 ); see also State v. Olivier , 2017-0724, pp. 6-7 (La. App. 4 Cir. 2/21/18), 238 So.3d 606.
Individualized sentence
Finally, Williams' assertion that Miller requires a new, individualized sentence has recently been rejected by this Court. In Olivier , this Court stated, " Miller does not require an individualized sentence, only that parole eligibility is considered an option when sentencing youth offenders." 2017-0724, pp. 4-5, 238 So.3d at 608-09. This statement complies with the Montgomery Court's directive that:
[g]iving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions in every case where a juvenile offender received mandatory life without parole. A state may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing him.
--- U.S. ----, 136 S.Ct. at 736.
Contrary to Williams' assertion, Miller does not require an individualized sentence, only the opportunity to be considered for parole.
CONCLUSION
A Miller violation may be remedied by permitting a juvenile homicide offender to be considered for parole. At the September 15, 2016 hearing, the trial court resentenced Williams "to life with the possibility of parole." Consequently, we find that the trial court sentenced defendant in compliance with Miller and Montgomery . Defendant's sentence is affirmed.
AFFIRMED

The facts of this case are not relevant to defendant's appeal.