LILJEBERG, J.
Defendant, Phillip Smith, appeals the sentence imposed by the trial court for his second degree murder conviction at a resentencing hearing held on December 7, 2017. For the reasons set forth more fully below, we affirm defendant's sentence and remand for correction of the commitment and Uniform Commitment Order.
FACTS AND PROCEDURAL BACKGROUND
This is defendant's third appeal. Following his first appeal, this Court affirmed defendant's conviction of second degree murder in violation of La. R.S. 14:30.1, and sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. See State v. Smith , 97-1075 (La. App. 5 Cir. 4/15/98), 710 So.2d 1187. On April 1, 2013, defendant filed a Motion and Order to Correct Illegal Sentence Pursuant to La. C.Cr.P. Article 882 and Request for Resentencing. In his motion, defendant alleged that his mandatory life sentence was illegal pursuant *976 to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), because he was a juvenile at the time of the offense.[1]
On January 16, 2014, the trial court denied defendant's motion to correct illegal sentence and defendant filed his second appeal with this Court. On October 29, 2014, this Court dismissed defendant's appeal finding that a ruling denying a motion to correct illegal sentence is not reviewable by this Court under its appellate jurisdiction. Accordingly, this Court granted defendant thirty days from the date of its opinion to file a supervisory writ application. See State v. Smith , 14-359 (La. App. 5 Cir. 10/29/14), 164 So.3d 902.
On November 25, 2014, defendant filed a pro se writ application with this Court in Case No. 14-KH-915, again challenging the January 16, 2014 denial of his Motion and Order to Correct Illegal Sentence Pursuant to La. C.Cr.P. Article 882 and Request for Resentencing. Upon review of his application, this Court found State v. Tate , 12-2763 (La. 11/5/13), 130 So.3d 829, 844, wherein the Louisiana Supreme Court held that Miller , supra , is not subject to retroactive application on collateral review, to be controlling. Therefore, this Court found no error in the trial court's January 16, 2014 ruling and denied defendant's pro se writ application.
On April 15, 2016, defendant filed a second pro se Motion to Correct Illegal Sentence citing Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), which made the holding in Miller retroactive to cases on collateral review. On April 28, 2016, the trial court ordered the matter set for hearing on resentencing. A hearing was held on December 7, 2017, after which the court sentenced defendant "pursuant to Miller , to life in prison," noting that "by operation of law he is eligible for parole." The commitment from the December 7, 2017 resentencing hearing states that the "Court re-sentenced the Defendant pursuant to Miller vs. Alabama to imprisonment at hard labor in the Department of Corrections for a term of life in prison." The commitment does not specifically state defendant is parole eligible.
On December 28, 2017, defendant filed pro se motions to reconsider sentence and for appeal. Additionally, on January 5, 2018, a counseled motion for reconsideration of sentence and motion for appeal were also filed. The trial court granted defendant's pro se motion for appeal on January 9, 2018, and his counseled motion for appeal on February 20, 2018, and further denied his pro se motion to reconsider sentence on February 2, 2018, and his counseled motion for reconsideration of sentence on April 13, 2018.[2]
On January 16, 2018, defendant filed a Motion to Amend Minute Entry of December 7, 2017, alleging that the Department of Corrections requested clarification of the commitment to reflect that defendant was sentenced to life with parole. The trial court denied defendant's motion to amend the minute entry.[3]
*977 DISCUSSION
We now consider defendant's third appeal asserting an error patent on the face of the record regarding the December 7, 2017 sentencing commitment. He argues the commitment fails to reflect his parole eligibility, and in the alternative, submits that if this Court should find the trial court resentenced him without the benefit of parole, such a sentence should be deemed excessive. Defendant also files several pro se claims regarding his resentencing.
In his first counseled assignment of error, defendant argues that neither the commitment nor the Louisiana Uniform Commitment Order (UCO) reflects his parole eligible status and should be corrected. The State disagrees and argues that in accord with the transcript, the commitment and UCO accurately reflect that defendant was resentenced to life imprisonment pursuant to Miller . The State further contends that a judicial determination as to defendant's parole eligibility was not required to be made by the trial court due to its existence by operation of law.
Defendant was convicted in 1997 of second degree murder committed when he was a juvenile and was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Subsequent to his conviction and sentencing, the United States Supreme Court decided Miller v. Alabama , supra , which bars a sentencing scheme that mandates life-without-parole sentences for juveniles convicted of homicide on the grounds that such sentences constitute a violation of the Eighth Amendment prohibition against cruel and unusual punishment. A defendant who was under the age of majority at the time he/she committed a homicide is entitled to a sentencing hearing, otherwise known as a Miller hearing, for purposes of determining whether his/her sentence will be imposed with or without parole eligibility. State v. Allen , 17-685 (La. App. 5 Cir. 5/16/18), 247 So.3d 179, 184.
To meet the requirements established in Miller , supra , the Louisiana Legislature enacted La. C.Cr.P. art. 878.1, which sets forth the hearing procedure for determination of parole eligibility for certain juvenile offenders. La. C.Cr.P. art. 878.1(B)(1) specifically provides as follows:
If an offender was indicted prior to August 1, 2017, for the crime of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.
Therefore, under La. C.Cr.P. art. 878.1(B)(1), if a juvenile offender was indicted of second degree murder prior to *978 August 1, 2017, and a hearing to determine the juvenile offender's parole eligibility was not held before that date, the State was afforded the opportunity to file a notice of its intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. The State did not file such a notice in the instant matter. Therefore, La. C.Cr.P. art 878.1 required that defendant "shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination ...."[4]
On December 7, 2017, the trial court resentenced defendant "pursuant to Miller , to life in prison." Later, the following exchange took place between the court and defense counsel:
DEFENSE: I'm sorry, Your Honor, but can we can back to Mr. Smith? I understand what the Court just said but I still didn't hear the Court say that he is eligible for parole and I - -
THE COURT: Because by operation of law he is eligible for parole.
While the trial court correctly noted that by operation of law defendant is eligible for parole pursuant to La. C.Cr.P. art. 878.1(B)(1) because the State did not file a notice of intent to seek a sentence of life imprisonment without parole, we find defendant's parole eligible status should be included in the commitment and UCO. The indication in the commitment the defendant was resentenced pursuant to Miller vs. Alabama , is not sufficient to alert the Department of Corrections that defendant is parole eligible. In order to reach this determination, the Department of Corrections would be required to review the record to determine defendant's parole eligibility based on the State's failure to file the notice of intent required by La. C.Cr.P. art. 878.1.
Therefore, this Court remands this matter to the trial court for correction of the commitment and UCO to indicate that defendant is parole eligible pursuant to La. C.Cr.P. art. 878.1(B)(1). We further direct the Clerk of Court for the Twenty-Fourth Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities and the Department of Corrections' legal department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
In his second assignment of error, defendant alternatively argues that if this Court finds the trial court sentenced defendant *979 to life without parole, the sentence is excessive and should be reduced. Based on our findings above, this assignment of error is moot.
Defendant also raises several pro se assignments of error. In his pro se assignments of error one and four, defendant argues the trial court violated his constitutional rights under the United States Constitution by disobeying the substantive "rule change" announced in Miller and Montgomery , in that the Eighth Amendment demands the trial court fashion an "individualized" sentence for juvenile offenders "whose crime reflects unfortunate yet transient immaturity." He claims the trial court here merely employed a procedural hearing to satisfy Miller 's substantive "rule change," failing to impose an individualized sentence. Defendant concludes that the trial court's deletion of the parole restriction from his sentence does not satisfy the resentencing requirements under Miller .
As discussed above, in Miller , supra , the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. In Montgomery , supra , the Supreme Court recognized that states could remedy Miller violations by rendering a juvenile parole eligible rather than imposing a new sentence:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile received life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity - and who have since matured - will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Montgomery , 136 S.Ct. at 736 (citation omitted) (emphasis added).
To implement Miller 's"meaningful opportunity to obtain release" for those juveniles who commit murder, the Louisiana Legislature enacted La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4, both cited above. In State v. Thompson , 51,674, 245 So.3d 302, 307-08 (La. App. 2 Cir. 11/15/17), the court addressed a similar claim that the trial court erred in resentencing the defendant to life with parole pursuant to La. R.S. 15:574.4(E), instead of imposing an individualized sentence and allowing the defendant an opportunity to develop a record for alternative sentencing under State v. Dorthey , 623 So.2d 1276 (La. 1993). The Thompson court noted that parole eligibility was the sole question to be answered in a Miller hearing and went on to hold:
However, in the context of a Miller hearing, the only question for the court is eligibility for parole. State v. Keith [51, 389 (La. App. 2 Cir. 6/21/17), 223 So.3d 767], supra ; State v. Shaw , supra ; State v. Sumler [51, 324 (La. App. 2 Cir. 5/2/17), 219 So.3d 503], supra . Thompson received the most lenient sentence available under the current law, and the state was not required to relitigate the entire sentence.
Id. at 308 ; see also State v. Olivier , 17-724 (La. App. 4 Cir. 2/21/18), 238 So.3d 606, 609.
Accordingly, when a juvenile defendant sentenced to life imprisonment is granted parole eligibility, Miller does not require a court to impose an individualized sentence at the Miller hearing.
In pro se assignments of error two, three and five, defendant argues his resentencing, pursuant to *980 La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4, violated federal and state ex post facto clauses and his constitutional right to due process by failing to provide him "fair notice." He submits that his sentence violates his right to the protections of the "fair warning requirement" of the due process clause because it was based upon Miller and the legislature's response to Miller , which should not be applied retroactively to his case. He further contends that his sentence of life with parole eligibility is too harsh and that it constitutes an ex post facto application of the law because the new sentencing scheme announced in Miller did not exist at the time of his conviction and original sentencing. He avers that because the mandatory sentencing provision under which he was originally sentenced has been ruled unconstitutional, his sentence is illegal and he should be resentenced according to the penalties provided for in the lesser and included offense of manslaughter in effect at the time he committed the offense. He concludes that because his crime reflects "transient immaturity," he should be afforded the opportunity to prove that a downward departure from the sentence of life imprisonment is warranted in his case.
To the extent defendant argues that his sentence of life with eligibility of parole violates his right to due process by failing to provide fair notice because it was not a sentencing option at the time of his offense, this argument has previously been addressed and rejected by this Court and other Louisiana appellate courts. See State v. Terrick , 18-102, p. 13-14 (La. App. 5 Cir. 8/29/18), 254 So.3d 1246, 2018 WL 4100778, 2018 La. App. LEXIS 1646 ; State v. Comeaux, 17-682 (La. App. 3 Cir. 2/15/18), 239 So.3d 920, finding the elements required to prove murder have not changed, and the potential sentence for committing that crime remains life imprisonment with the only difference being that the sentence may be imposed with the benefit of parole eligibility, which is a less harsh sentence; State v. Shaw , 51,325 (La. App. 2 Cir. 5/17/17), 223 So.3d 607, wherein the court reasoned that there is no deprivation of fair warning when the requirements to prove second degree murder have not changed, and thus, the defendant knew his conduct would constitute criminal behavior; Olivier , supra , finding the defendant's right to fair notice was not violated because life without possibility of parole is still an option when sentencing youth offenders.
We further find defendant's argument that he should have been sentenced pursuant to the next lesser included offense, manslaughter, and that his life sentence with parole eligibility violated his due process rights because it retroactively exposed him to a sentence not in pace at the time of the offense, lacks merit. After the United States Supreme Court decided Montgomery , the Louisiana Legislature amended La. C.Cr.P. art. 878.1 to provide resentencing guidelines for compliance with Miller . The Fourth Circuit in State v. Williams , 15-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 253, writ denied , 16-0332 (La. 3/31/17), 217 So.3d 358, interpreted the amendment stating:
The Louisiana legislature promptly addressed the Miller directive against mandatory life-without-parole sentences for juvenile killers by devising a sentencing procedure which would require that a trial court sentencing a youthful offender review all pertinent factors before determining whether parole eligibility was warranted.
...
[L]ife without parole is still a constitutionally acceptable sentence for adult killers and it is not a prohibited sentence for all juvenile killers. Our legislature *981 carefully designed an adequate solution by adding a new statute pertaining to parole eligibility for juvenile killers which is to be read in conjunction with the first and second degree murder statutes. In the event that the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) provides conditions which must be satisfied before the defendant can apply to the parole board for parole consideration.
Either sentencing scheme of life imprisonment with parole, or life imprisonment without parole, is proper and not unconstitutional under Miller v. Alabama , supra . Accordingly, we find the defendant was not entitled to be sentenced to the next available responsive verdict of manslaughter. See , State v. Graham , 14-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272 [, writ denied , 15-1028 (La. 4/8/16), 191 So.3d 583 ].
Further, in State v. Brown , 51,418, pp. 11-12 (La. App. 2 Cir. 6/21/17), 2017 La. App. LEXIS 1132, writ denied , 17-1287 (La. 4/27/18), 241 So.3d 306, the court found that eligibility for parole was the sole question to be answered in a Miller hearing and it was not necessary to consider whether the defendant was entitled to a downward departure from the mandatory sentence of life imprisonment at hard labor. See also State v. Jones , 15-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713, 719.
Lastly, similar arguments that the trial court violated both the state and federal ex post facto clauses when it retroactively applied newly-created reformatory procedures not in existence at the time the offense have been found unpersuasive. In State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903, 907, the Second Circuit addressed the defendant's ex post facto claim regarding resentencing at a Miller hearing:
The law in effect at the time of the crime determines the penalty to be suffered by the criminal. State v. Sugasti , 01-3407 (La. 6/21/02), 820 So.2d 518. Article I § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790 ; State ex rel. Olivieri v. State , 00-0172 (La. 2/21/01), 779 So.2d 735, cert. denied , 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). Clearly, the instant situation does neither. The trial court scrupulously awarded this defendant all to which he was entitled in parole consideration under the guidelines in La. R.S. 15:574.4(E).
This sentence is not illegal. He received the mandatory minimum sentence available under Miller , La. R.S. 14:30, and La. C.Cr. P. art. 878.1. As this Court noted in [ State v. ] Fletcher , [49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 14-2205 (La. 6/5/15), 171 So.3d 945, cert. denied , --- U.S. ----, 136 S.Ct. 254, 193 L.Ed.2d 189 (2015) ], the legislature was not required to amend the murder statutes to provide for sentencing of juvenile homicide defendants. The legislature designed an adequate solution to Miller by creating statutes relating to parole eligibility for juvenile homicide defendants which are to be read in conjunction with the murder statutes. He has a chance at parole, but he will have to earn it. This scheme is reasonable and satisfies Miller , supra .
In light of the foregoing, we find: (1) defendant's resentencing did not deprive him of due process by failing to provide him fair notice when the elements of the crime have not changed and his sentencing *982 exposure is now less harsh; (2) that defendant's sentence is not excessive but rather a constitutionally acceptable sentence imposed with parole eligibility per proper retroactive application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) ; (3) defendant is not entitled to be sentenced under the lesser included offense of manslaughter as the only issue in a Miller hearing is parole eligibility; and (4) that defendant's sentencing under Miller does not violate state and federal ex post facto clauses as the "new law" does not redefine criminal conduct or increase the penalty by which the crime is punishable. In sum, the trial court in this matter adhered to the law set forth in Miller and Montgomery with respect to defendant's resentencing. Defendant's life sentence with parole eligibility is a constitutionally acceptable sentence which now provides him with a meaningful opportunity for release.
ERRORS PATENT DISCUSSION
Defendant also requests an errors patent review. This Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990).
This is defendant's third appeal. Defendant received an errors patent review upon his original appeal. He is not entitled to a second errors patent review of his underlying conviction and sentence. State v. Taylor , 01-452 (La. App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied , 01-3326 (La. 1/10/03), 834 So.2d 426. However, an error patent review was conducted with respect to defendant's resentencing, and the review reveals the following errors patent in addition to the error patent discussed supra in response to defendant's first assignment of error.
We first find that neither the resentencing transcript nor the commitment reflects that defendant received a proper advisal of the time period for seeking post-conviction relief as required by La. C.Cr.P. art. 930.8. Generally, when a defendant is resentenced, he need not be advised again of the applicable prescriptive period for post-conviction relief if such advisal was provided during original sentencing. See State v. Griffin , 51,506 (La. App. 2 Cir. 9/1/17), 243 So.3d 1205. However, when defendant was originally sentenced for second degree murder on June 27, 1997, the trial court apprised him of the three-year time limitation for applying for post-conviction relief then in effect at the time under La. C.Cr.P. art. 930.8. The amendment to article 930.8, which took effect on August 15, 1999, shortened the prescriptive period to two years and was held to apply retroactively. See State v. Powell , 00-1729 (La. App. 5 Cir. 3/14/01), 783 So.2d 478, 482. Thus, at the time of defendant's resentencing, the two-year prescriptive period was in effect.
Accordingly, by way of this opinion, we advise defendant that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.
Further, it is noted that the commitment properly reflects defendant's life sentence is to be served at hard labor, but the UCO does not. Thus, in addition to adding that defendant's sentence is with the benefit of parole as ordered above, we order the trial court to correct the UCO to reflect that defendant's life sentence is to be served at hard labor. See State v. Foster , 50,535 (La. App. 2 Cir. 4/13/16), 194 So.3d 674. We further direct the Clerk of Court for the Twenty-Fourth Judicial District Court to transmit the original of the *983 corrected UCO to the appropriate and the Department of Corrections' legal department. See State v. Kelly , 17-442 (La. App. 5 Cir. 2/21/18), 239 So.3d 432, 438.
DECREE
Accordingly, we affirm defendant's sentence and remand this matter for correction of the commitment to reflect defendant's parole eligibility and Uniform Commitment Order as instructed in this opinion.
AFFIRMED; REMANDED FOR CORRECTION OF THE COMMITMENT AND UNIFORM COMMITMENT ORDER

Miller, supra , rendered automatic sentences of life imprisonment without parole for juvenile homicide offenders unconstitutional. Defendant's date of birth is January 30, 1980. Therefore, at the time of the offense, August 31, 1995, defendant was fifteen years of age.

The trial court retained jurisdiction to rule on defendant's motion to reconsider sentence after his appeal(s) were granted pursuant to La. C.Cr.P. art. 916(3).

The order denying defendant's motion to amend the minute entry of December 7, 2017, is undated. Further, the trial court retained jurisdiction to rule on defendant's motion to amend minute entry after his appeals had been granted pursuant to La. C.Cr.P. art. 916(2).

At the time of the December 2017 resentencing hearing, La. R.S. 15:574.4(E)(1) provided:
Notwithstanding any provision of the law to the contrary and except as provided in Subsection G of this Section, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30 ) who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense is on or after August 1, 2017, shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(A) and all of the following conditions have been met: ....
(Emphasis added.)
La. R.S. 15:574.4(G)(1) provided:
Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30 ) or second degree murder (R.S. 14:30.1 ) who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense was prior to August 1, 2017, shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(B) and all of the following conditions have been met: ....