Leon Cannizzaro, DISTRICT ATTORNEY, Donna Andrieu, ASSISTANT DISTRICT ATTORNEY, Scott G. Vincent, ASSISTANT DISTRICT ATTORNEY, PARISH OF ORLEANS, 619 S. White Street, New Orleans, LA 70119, COUNSEL FOR APPELLEE/STATE OF LOUISIANA
Christopher A. Aberle, LOUISIANA APPELLATE PROJECT, P. O. Box 8583, Mandeville, LA 70470-8583, James Preston, # 70678, LOUISIANA STATE PENITENTIARY, Oak - 1, Angola, LA 70712, DEFENDANT/APPELLANT/IN PROPER PERSON
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase )
Judge Daniel L. Dysart *668 This appeal concerns the trial court's re-sentencing of the defendant, James Preston, following a hearing held pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). For the reasons that follow, we affirm Mr. Preston's sentences.
PROCEDURAL HISTORY
In 1968, then sixteen-year-old James Preston was charged by a grand jury with two counts of murder and two counts of aggravated rape.[1] In May of 1969 and September of 1970, Mr. Preston pled guilty to those charges and was sentenced to life imprisonment at hard labor on each count.[2]
On April 4, 2016, Mr. Preston filed a Motion to Correct Illegal Sentence in which he maintained that his sentence to life without the benefit of parole, imposed when he was a minor, was illegal based upon the United States Supreme Court decisions of Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). On May 2, 2017, the trial court conducted a hearing on Mr. Preston's motion, at the conclusion of which, the trial court re-sentenced Mr. Preston to life with the benefit of parole on each of his convictions, further ordering that:
... [I]n order [for Mr. Preston] to have a meaningful opportunity to be heard, ... [his] sentences will run concurrent with each other and [he will be] given credit for time served on each of those cases from [his] original arrest date.
On December 5, 2017, Mr. Preston filed several pro se motions: a Motion to Reconsider Sentence; a Motion for Appointment of Appellate Counsel; and a Notice of Appeal. The trial court denied the motion to reconsider sentence, but granted Mr. Preston an appeal and appointed the Louisiana *669 Appellate Project to represent Mr. Preston on appeal.
This appeal followed. Briefs were filed by both Mr. Preston's appointed counsel and Mr. Preston, pro se.
DISCUSSION
In his counseled appellate brief, Mr. Preston requests a review of the record for errors patent, noting that "[a]fter a conscientious and thorough review of the trial court record, counsel for Appellant can find no non-frivolous issue to raise on appeal and can find no ruling of the trial court that arguably supports the appeal."
Counsel for Mr. Preston has complied with the procedures outlined by Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin , 573 So.2d 528 (La. App. 4 Cir. 1990). Likewise, his counsel's brief complies with State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241. In that brief, Mr. Preston's counsel addressed Mr. Preston's resentencing request and the trial court's ruling, indicating that "[u]nder the plain language of the United States Supreme Court in Montgomery and the Louisiana Supreme Court interpreting Montgomery , the sole determination to be made by the district court on resentencing is whether the defendant is entitled to parole eligibility." In this case, as his counsel noted, "[t]he district court resentenced Preston to concurrent life sentences with parole eligibility. The court could do no more." (Emphasis supplied).
Turning to his pro se supplemental brief, Mr. Preston makes several arguments, none of which have merit.
Mr. Preston maintains that the United States Supreme Court has made "a substantive constitutional change making life sentences without parole imposed on juveniles convicted of nonhomicide [sic] and certain homicide offenses unconstitutional." He argues that he has a "due process right to fair notice of the substantive penalty;" that is, a "right to fair notice of the severity of the penalty the State intended to impose." Mr. Preston's argument in this regard is unclear, although he concludes with the statements that "[t]he U.S. Supreme Court invalidated the penalty provisions of La. R.S. 14:30 and R.S. 14:42 making those statutes unenforceable as they pertain to [him] because what remains 'is incapable of functioning independently' " and that "[t]he invalidation of [his] life sentences without parole cannot be substituted with reformatory procedures under the guise of severability."
Contrary to Mr. Preston's contention, neither La. R.S. 14:30, nor La. R.S.14:42, have been "invalidated" by the United States Supreme Court. What those decisions mean was recently explained by this Court:
In Miller v. Alabama [,] the United States Supreme Court held that it is unconstitutional to sentence juvenile homicide offenders to life in prison without the possibility of parole. The Supreme Court's decision did not explicitly ban sentencing juvenile homicide offenders to life in prison without possibility of parole....
State v. Olivier , 17-0724, p. 4 (La. App. 4 Cir. 2/21/18), 238 So.3d 606, 609, writ denied , 18-0492 (La. 1/14/19), 261 So.3d 783. Numerous decisions have noted that "[t]he sole question to be answered in a Miller hearing is whether the defendant should have a chance for parole." State v. Calhoun , 51,337, p. 7 (La. App. 2 Cir. 5/17/17), 222 So.3d 903, 907, writ denied , 17-1081 (La. 4/27/18), 241 So.3d 307 ; State v. Jackson , 51,527 (La. App. 2 Cir. 8/9/17), 243 So.3d 1093, 1098, writ denied , 17-1540 (La. 5/25/18), 243 So.3d 565 ; State v. Comeaux , 17-682, p. 19 (La. App. 3 Cir. 2/15/18), 239 So.3d 920, 936, writ denied , *670 18-0428 (La. 1/14/19), 261 So.3d 783. The Louisiana Supreme Court has also quoted Montgomery for this position:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.
State ex rel. Jenkins v. State , 17-0302, p. 1 (La. 8/31/18), 252 So.3d 476 (quoting Montgomery , 136 S.Ct. at 736 ).
Furthermore, "in a Miller hearing there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. Rather, the court only considers whether that mandatory sentence should include parole eligibility."(emphasis in original). State v. Sumler , 51,324, p. 9 (La. App. 2 Cir. 5/2/17), 219 So.3d 503, 509. Accordingly, in this case, the trial court, in resentencing Mr. Preston to life with the benefit of parole, met the requirements of Miller. To the extent that Mr. Preston's "fair notice" argument is that, because life with parole was not a sentencing option at the time of the original offense, he has not been afforded constitutional protection, this Court in Olivier noted that "[t]his argument has previously been rejected by a Louisiana appellate court, which reasoned that there is no deprivation of fair warning when the requirements to prove [the crime at issue] have not changed and therefore, a defendant knew his conduct would constitute criminal behavior." Olivier , 17-0724, p. 5, 238 So.3d at 610.
For non-homicide offenses, as in this case, where Mr. Preston was convicted of aggravated rape, the United States Supreme Court has indicated that life sentences without the possibility of early release are unconstitutional. See Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) ; State ex rel. Morgan v. State , 15-0100 (La. 10/19/16), 217 So.3d 266, 277. However, as this Court noted in State v. Jones , 13-1614, p. 2 (La. App. 4 Cir. 8/20/14), 2014 WL 4161563 (quoting State v. Shaffer , 11-1756, (La.11/23/11), 77 So.3d 939, 941 ), all that is "required under ... Graham ... [is] for the juvenile defendants' life sentences for non-homicide crimes to be amended to delete the restrictions on parole eligibility such that there is a 'meaningful opportunity to secure release based on demonstrated maturity and rehabilitation.' "). In Shaffer , for example, the Court found that the trial court's amending of the defendant's sentence so as to delete the restriction on parole eligibility met the requirements of Graham. The Shaffer Court concluded:
We therefore amend the sentence of relator [defendant] to delete the restriction on parole eligibility... We reiterate that this Court is not ordering relators released on parole. The determination of whether relators may be released on parole falls within the exclusive purview of the Board of Parole, charged with the duty of ordering parole "only for the best interest of society, not as an award of clemency." La. R.S. 15:574.4.1(B). Access to the Board's consideration will satisfy the mandate of Graham.
Shaffer , 11-1756, p. 4 (La. 11/23/11), 77 So.3d 939, 942-43. See also , State v. Brown , 51,418, p. 10 (La. App. 2 Cir. 6/21/17) --- So.3d ----, ----, 2017 WL 2665128, writ denied , 17-1287 (La. 4/27/18), 241 So.3d 306 (quoting Miller , 132 S.Ct. at 2469 )("where parole eligibility is permitted, Miller [does] not impose a requirement that a defendant be allowed to present mitigating factors. Instead, a sentencing court's obligation to consider *671 youth-related mitigating factors is limited to cases in which the court imposes a life sentence without parole eligibility.").
In the instant matter, therefore, the trial court's re-sentencing Mr. Preston to life with the benefit of parole met the requirements of Shaffer.
Mr. Preston also argues that his sentence violates the ex post facto laws because Miller was decided after his conviction and original sentencing. While the "U.S. Const. Art. I, § 10 and La. Const. art. I, § 23 prohibit ex post facto application of criminal law by the State," our jurisprudence reflects no such violation by "the application of La.C.Cr.P. art. 871 and La. R.S. 15:574.4(E-G)." State v. Williams , 18-0103, p. 5 (La. App. 4 Cir. 5/16/18), 247 So.3d 129, 132.[3] There, the Court observed:
In State v. Williams , 2015-0866, pp. 15-16 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, 252, this Court held that applying La. C.Cr.P. art. 878.1 and La. R.S. 15:274.4(E) to resentence a juvenile convicted of a 2006 second degree murder pursuant to Miller did not violate the ex post facto clause. This Court reasoned that the Louisiana Supreme Court, in State v. Jones , 2013-2039 (La. 2/28/14), 134 So.3d 1164, ordered implementation of Miller through the application of La. C.Cr.P. art. 878.1 and La. R.S. 15:547.4(E). Williams , 2015-0866, pp. 15-16, 186 So.3d at 252 (citing State v. Graham , 2014-1769, p. 8 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 278 ).
In State v. Shaw , 51, 325, p. 10 (La. App. 2 Cir. 5/17/17), 223 So.3d 607, 613, the Second Circuit, citing this Court's decision in Williams , also held that there is no ex post facto violation from the application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) in resentencing a defendant pursuant to Miller. Further, the Second Circuit stated that application of those statutes does "not subject a defendant to a harsher sentence or a longer period of incarceration."
Id. , pp. 4-5, 247 So.3d at 132. See also , State v. Graham , 14-1769, p. 8 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 278 ("any consideration of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E) in resentencing the defendant, would not have been, contrary to the defendant's assertion, an ex post facto violation"). Accordingly, we find no ex post facto violation in this case by the trial court's resentencing Mr. Preston to life with the benefit of parole.
Finally, Mr. Preston argues that his resentence constitutes cruel, unusual and excessive punishment. This contention has been addressed and rejected. See, e.g., State v. Williams, 15-0866, p. 20, n.4, 186 So.3d at 255 ("this Circuit and others have found that life sentences without parole were not excessive for seventeen and fifteen year old defendants."); State v. Graham , 14-1769, p. 14 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, 282, writ denied , 15-1028 (La. 4/8/16), 191 So.3d 583 ("a life sentence without parole under Miller is not excessive and, therefore, not unconstitutional.").
Again, "the holding of Miller was that sentencing schemes which require mandatory life without parole sentences for juvenile homicide defendants violate the Eight Amendment's prohibition against cruel and unusual punishment." State v. Plater , 51,338, p. 6 (La. App. 2 Cir. 5/17/17), 222 So.3d 897, 901, writ denied , 17-1021 (La. 5/11/18), 241 So.3d 1009, and writ denied , 17-1190 (La. 5/11/18), 241 So.3d 1013 ; See also , State v. Brown , 12-0872, p. 1 (La. 5/7/13), 118 So.3d 332, 332 (citing *672 Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) )("the Eighth Amendment's prohibition of cruel and unusual punishment forbids the imposition of life in prison without parole for juveniles committing non-homicide crimes, applies only to sentences of life in prison without parole ....") (emphasis added).
Here, Mr. Preston was not sentenced to life without parole; the trial court properly resentenced him to life with parole on all counts, including the homicide and non-homicide convictions.
Motion to Withdraw
As noted, counsel for Mr. Preston has filed a brief stating he could find no errors on appeal and found no meritorious grounds for appeal. This Court has likewise performed an independent, thorough review of the record before us and we find no patent errors in Mr. Preston's record that require this court's action. Accordingly, appellate counsel's motion to withdraw as counsel of record for Mr. Preston is hereby granted.
CONCLUSION
For the reasons set forth herein, we hereby affirm Mr. Preston's sentences and grant counsel's motion to withdraw.
AFFIRMED; MOTION TO WITHDRAW GRANTED.
LOBRANO, J., CONCURS IN THE RESULT

The record reflects that many records pertaining to Mr. Preston and pre-dating 2016 were destroyed as a result of Hurricane Katrina.

The record reflects various terms of these sentences; some of the sentences were ordered to be served consecutively, while others were ordered to be served concurrently. The sentencing documents from 1968 and 1970 are somewhat unclear, although the record reflects that the sentence for one of the murder counts was ordered to run consecutively with an aggravated rape count. In a January 5, 2018 ruling on an application for post-conviction relief, the trial court noted that "[e]ach of [Mr. Preston's] four life sentences were to be run concurrently to each other and all other sentences." At the hearing on Mr. Preston's motion to correct an illegal sentence, counsel for Mr. Preston advised the trial court that he had been sentenced to "multiple consecutive life sentences."

La. C.Cr.P. art. 878.1 governs hearings to determine the parole eligibility for certain juvenile offenders, while La. R.S. 15:574.4 governs parole eligibility for juvenile offenders.